# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO and MELANIE MELENDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> HANDS OF COMPASSION HOME CARE, LLC; DEACONESS HEALTHCARE HOLDINGS, INC.; and KAREN VAHLBERG, <br><br> Defendants. | Case No. 7:23-CV-00168 <br><br> District Judge Counts <br><br> Magistrate Judge Griffin |

## ANSWER OF DEFENDANT HANDS OF COMPASSION HOME CARE, LLC

Defendant Hands of Compassion Home Care, LLC, by and through undersigned counsel, provides its answer to Plaintiffs' complaint as follows. Any allegations of the complaint not specifically admitted herein are expressly denied.

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, (the "FLSA") seeking damages for Defendants' failure to pay Plaintiffs overtime pay for all hours worked over forty during each workweek.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs have sued under the FLSA and that they seek damages in this action regarding alleged overtime pay. Defendant Hands of Compassion specifically denies that Plaintiffs are entitled to any such damages and denies any remaining allegations of paragraph 1.

2. Plaintiffs work(ed) for Defendants as Registered Nurses ("RNs"). Plaintiffs' primary duties included the provision of nursing care to Defendants' patients at the patients' place of residence. Defendants paid Plaintiffs a piece rate which varied based on the type of services performed. Despite Plaintiffs being paid on a piece rate basis, they consistently worked more than forty hours in a week and were not paid overtime compensation.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs work or worked for Hands of Compassion as RNs and that their job duties included providing nursing care to patients in the patients' homes. Defendant Hands of Compassion further admits that the RNs it employs may choose to be paid on a per-visit basis or on an hourly basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 2.

3.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs file this lawsuit individually and on behalf of all similarly situated current and former employees who worked for Defendants on a piece rate basis who, like Plaintiffs, were not paid overtime compensation for all hours worked over forty in each workweek for the time period of three years preceding the filing of this lawsuit and forward.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs have filed this lawsuit and that they seek to represent a putative collective under the FLSA. Defendant Hands of Compassion denies any remaining allegations of paragraph 3.

4.     Plaintiffs seek all damages available under the FLSA, including three years of back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs seek the relief described in paragraph 4 and its sub-paragraphs, specifically denies that Plaintiffs are entitled to any such relief, and denies any remaining allegations of paragraph 4.

5.     Plaintiff Marilyn Castillo is an individual citizen of the State of Texas and was employed by Defendants to work in Midland, Texas, and the surrounding cities, on or about March 2022 through August 2023.

**Answer**: Defendant Hands of Compassion admits that Plaintiff Castillo is a citizen of Texas, was an employee of Hands of Compassion, and worked for Hands of Compassion in Midland, Texas and the surrounding cities from approximately March 2022 to approximately August 2023. Defendant Hands of Compassion denies any remaining allegations of paragraph 5.

6.     Plaintiff Melanie Melendez is an individual citizen of the State of Texas and is employed by Defendants to work in Midland, Texas, and the surrounding cities, and began working for Defendants on or around May 2021 through the present.

**Answer**: Defendant Hands of Compassion admits that Plaintiff Melendez is a citizen of Texas and an employee of Hands of Compassion, and has worked for Hands of Compassion in Midland, Texas and the surrounding cities since approximately May 2021. Defendant Hands of Compassion denies any remaining allegations of paragraph 6.

7.     Defendant Hands of Compassion Home Care, LLC is a is a limited liability corporation organized under the laws of the State of Texas, with its principal place of business at 1030 Andrews Highway 203, Midland, Texas 79701. Its registered agent is Capitol Services, Inc., which can be served with process at 1501 S. Mopac Expy Ste 220, Austin, Texas 78746.

**Answer**: Defendant Hands of Compassion admits the allegations of paragraph 7.

8.     Defendant Deaconess Healthcare Holdings, Inc. is a corporation that is incorporated under the laws of the State of Ohio, with its principal place of business in the state of Ohio, and may be served with process by serving its registered agent Taft Service Solutions Corp at 425 Walnut Street, Suite 1800, Cincinnati, Ohio, 45202.

**Answer**: Paragraph 8 pertains to other Defendants, and as such, no response is required from Defendant Hands of Compassion. To the extent a response is required, Defendant Hands of Compassion denies the allegations of paragraph 8.

9.     Defendant Karen Vahlberg is an individual residing in Norman, Oklahoma and may be served with process wherever she may be found.

**Answer**: Paragraph 9 pertains to other Defendants, and as such, no response is required from Defendant Hands of Compassion. To the extent a response is required, Defendant Hands of Compassion denies the allegations of paragraph 9.

10.    During all times relevant to this lawsuit, Defendants have done, and continues to do, business in the State of Texas.

**Answer**: Defendant Hands of Compassion admits that it does business in the State of Texas. Defendant Hands of Compassion denies any remaining allegations of paragraph 10.

11.    At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA.

**Answer**: Defendant Hands of Compassion admits that for purposes of this lawsuit, it is an enterprise engaged in commerce. Defendant Hands of Compassion denies any remaining allegations of paragraph 11.

12. At all times relevant to this lawsuit, Defendants employed and continue to employ two or more employees.

**Answer**: Defendant Hands of Compassion admits that it employed and continues to employ two or more employees. Defendant Hands of Compassion denies any remaining allegations of paragraph 12.

13. Defendants are/were an employer of Plaintiffs and the FLSA Collective.

**Answer**: Defendant Hands of Compassion admits that it employed Plaintiff Castillo and employs Plaintiff Melendez. Defendant Hands of Compassion denies any remaining allegations of paragraph 13.

14. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

**Answer**: Defendant Hands of Compassion admits that it employed and continues to employ two or more employees engaged in commerce. Defendant Hands of Compassion denies any remaining allegations of paragraph 14.

15. At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.

**Answer**: Defendant Hands of Compassion admits that its annual gross sales or business volume exceeds $500,000. Defendant Hands of Compassion denies any remaining allegations of paragraph 15.

16. At all times relevant to this lawsuit, Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a).

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 16.

17.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**Answer**: Defendant Hands of Compassion admits that the Court has subject-matter jurisdiction over the claims against it in this lawsuit. Defendant Hands of Compassion denies any remaining allegations of paragraph 17.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Division.

**Answer**: Defendant Hands of Compassion admits that venue for this lawsuit is proper as to any claims against it. Defendant Hands of Compassion denies any remaining allegations of paragraph 18.

19.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

**Answer**: Defendant Hands of Compassion restates its answers to the allegations set forth in each of the above paragraphs.

20.     Defendants provide home health services to its patients living in West Texas. Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Marilyn Castillo was employed from 2022 to 2023 as an RN, and Melanie Melendez was employed from 2021 to the present as an RN.

**Answer**: Defendant Hands of Compassion admits that it provides home health services to patients living in West Texas and that it employed both Plaintiffs as registered nurses during the three-year period preceding the filing of Plaintiffs' complaint during the time periods alleged in paragraph 20. Defendant Hands of Compassion denies any remaining allegations of paragraph 20.

21.     Plaintiffs' primary duties were to provide nursing care to Defendant's patients in their homes.

**Answer**: Defendant Hands of Compassion admits that while they were employed by Hands

of Compassion as registered nurses, Plaintiffs' primary job duties were to provide nursing care to patients of Hands of Compassion. Defendant Hands of Compassion denies any remaining allegations of paragraph 21.

22. Defendants maintained control, oversight, and direction over its operations, including employment practices.

**Answer**: Defendant Hands of Compassion admits that it maintained control, oversight, and direction over its own operations, which include employment practices. Defendant Hands of Compassion denies any remaining allegations of paragraph 22.

23. Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs.

**Answer**: Defendant Hands of Compassion admits that it maintains and exercises the power to hire, fire, and discipline its own employees, including Plaintiffs while they were employed by Hands of Compassion. Defendant Hands of Compassion denies any remaining allegations of paragraph 23.

24. Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendant.

**Answer**: Defendant Hands of Compassion admits that it required Plaintiffs to comply with its policies and procedures in performing their work for Hands of Compassion while they were employees of Hands of Compassion. Defendant Hands of Compassion denies any remaining allegations of paragraph 24.

25. Defendants paid Plaintiffs varying amounts based upon what type of visit and nursing services they provided to a patient at the patient's residence. Certain visits and nursing services resulted in higher pay than others. Importantly, Defendants did not keep track of the time it took Plaintiffs to complete their visits to patients, but rather, assigned arbitrary and inaccurate amounts of time to each type of nursing activity. Thus, the number of hours reported on Plaintiffs' pay stubs are not an accurate representation of the number of hours Plaintiffs worked.

**Answer**: Defendant Hands of Compassion admits that the registered nurses it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs chose to be paid on a

per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 25.

26. Although Defendants paid Plaintiffs a piece rate for each visit that Plaintiffs performed, Plaintiffs nevertheless worked more than forty hours per week.

**Answer**: Defendant Hands of Compassion admits that the registered nurses it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 26.

27. Each day, in addition to performing their visits to patients at the patients' residences (for which they were paid a piece rate for each visit), Plaintiffs were required to travel from patient to patient, and also required to work many hours at home completing the charting for the day's visits. Plaintiffs were not able to report to Defendants their travel time or the time they worked doing charting. If the Plaintiffs were ever able to report travel and time spent charting, the time was not recorded for purposes of time keeping and overtime calculation. Plaintiffs were not paid a piece rate or hourly rate for their traveling and charting time.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 27.

28. The combination of time spent visiting patients, traveling between patients' residences, and completing charting activities for all of their visits resulted in Plaintiffs working more than forty hours per week. Because Plaintiffs worked more than forty hours per week, they are entitled to overtime pay.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 28.

29. Defendants did not record how many hours Plaintiffs worked and did not pay Plaintiffs overtime for working more than forty hours per week.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 29.

30. Because Plaintiffs are not paid a salary, they are non-exempt employees and entitled to overtime pay.

**Answer**: Defendant Hands of Compassion admits that the registered nurses it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 30.

31. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

**Answer**: Defendant Hands of Compassion restates its answers to the allegations set forth

in each of the above paragraphs.

32.     At all relevant times, Defendants were Plaintiffs' employers under the FLSA and were engaged in commerce under the FLSA.

**Answer**: Defendant Hands of Compassion admits that during Plaintiffs' employment with Hands of Compassion, Hands of Compassion was Plaintiffs' employer, and that Hands of Compassion was engaged in commerce. Defendant Hands of Compassion denies any remaining allegations of paragraph 32.

33.     Plaintiffs were not exempt from overtime under the FLSA and were paid on a piece rate basis.

**Answer**: Defendant Hands of Compassion admits that the registered nurses it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 33.

34.     Plaintiffs worked more than forty hours per workweek for Defendants but were not paid overtime for all hours worked over forty in each workweek.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 34.

35.     Defendants violated the recordkeeping requirements of the FLSA. See 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5 by failing to maintain records which accurately show the total hours worked by Plaintiff on a daily and weekly basis.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 35.

36.     Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiffs were performing unpaid and off the clock work, working more than forty hours per week, and were not paying overtime pay for all hours worked over forty during each workweek. Accordingly, Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendants' willful conduct. 29 U.S.C. § 255(a).

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 36.

37.     Plaintiffs seek all damages available at law for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs seek the types of damages described in paragraph 37, specifically denies that they are entitled to any such damages, and denies any remaining allegations of paragraph 37.

38. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

**Answer**: Defendant Hands of Compassion restates its answers to the allegations set forth in each of the above paragraphs.

39. Plaintiffs seek to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendants who: (a) were paid on a piece rate basis, (b) performed home health services for Defendants' patients; (c) work/worked more than forty hours in any workweek; and (d) are/were not paid overtime pay for all hours worked over forty in each such workweek.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs seek to bring claims under the FLSA on behalf of a collective and that they have defined a putative collective in paragraph 39. Defendant Hands of Compassion denies any remaining allegations of paragraph 39.

40. Plaintiffs have personal knowledge that other putative FLSA Collective individuals were paid pursuant to the same policy, namely, they were paid a piece rate but not paid overtime pay for all hours worked over forty in each workweek.

**Answer**: Defendant Hands of Compassion admits that the registered nurses it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant Hands of Compassion denies any remaining allegations of paragraph 40.

41. The putative FLSA Collective individuals are similarly situated to Plaintiffs and to one another within the meaning of Section 216(b) of the FLSA.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 41.

42. The putative FLSA Collective individuals are not exempt from receiving overtime pay under the FLSA.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 42.

43. Defendants' failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative FLSA Collective individuals.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 43.

44. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 44.

45. Although the exact amounts of damages may vary amongst the putative FLSA Collective individuals, their respective damages are easily calculable using a simple formula and facts uniformly applicable to all of them.

**Answer**: Defendant Hands of Compassion denies the allegations of paragraph 45.

46. Plaintiffs reserve the right to establish sub-collectives and/or modify collective notice language as appropriate in any motion to certify a collective action or other proceeding.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs claim to reserve a "right" to in the future establish sub-collectives, modify collective notice language, or both. Defendant Hands of Compassion denies any remaining allegations of paragraph 46.

47. Plaintiffs further reserve the right to amend the definition of the putative FLSA Collective, or sub-collectives therein, if discovery and further investigation reveal that the putative FLSA Collective should be expanded or otherwise modified.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs claim to reserve a "right" to in the future amend the definition of the putative FLSA collective they describe in the complaint. Defendant Hands of Compassion denies any remaining allegations of paragraph 47.

48. Plaintiffs demand a jury trial on behalf of themselves and the putative FLSA Collective on all issues.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs request a jury trial. Defendant Hands of Compassion denies any remaining allegations of paragraph 48.

49. For these reasons, Plaintiffs ask that the Court issue summonses for Defendants to appear and answer, and that Plaintiffs and the putative FLSA Collective be awarded judgment

against Defendants for the following:

      a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative FLSA Collective individuals;

      b.    All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

      c.    All other relief as the Court deems just and proper.

**Answer**: Defendant Hands of Compassion admits that Plaintiffs seek the relief requested in paragraph 49 and its sub-paragraphs, specifically denies that Plaintiffs are entitled to any such relief, and denies any remaining allegations of paragraph 49.

## DEFENSES

Defendant Hands of Compassion pleads the following defenses:

1.    Defendant Hands of Compassion denies all allegations in the complaint not expressly admitted in this answer.

2.    Plaintiffs fail to state a claim against Hands of Compassion, in whole or in part, upon which relief can be granted.

3.    This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time under the FLSA, including, but not limited to, hours allegedly worked for which Hands of Compassion lacked actual or constructive knowledge.

4.    Plaintiffs are not entitled to compensation for activities not necessary to the business and not performed primarily for the benefit of Hands of Compassion.

5.    Plaintiffs' claims are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean hands. Specifically, and without limitation, Plaintiffs accepted and agreed to be paid according to Hands of Compassion's compensation plan. Because Plaintiffs failed to notify Hands of Compassion that they did not accept or agree to Defendants' method of compensation,

Plaintiffs have waived and are estopped from making any claim that they did not accept or agree to Defendants' method of compensation.

6. Some of Plaintiffs' claims concern events that allegedly occurred more than two years before Plaintiffs filed their complaint. Plaintiffs' claims arising from such events are barred, in whole or part, by the applicable FLSA's statute of limitations.

7. If and to the extent it is determined that Defendant Hands of Compassion violated the FLSA, such violations were not willful and thus, a two-year limitation period would apply to Plaintiffs' claims.

8. To the extent it is determined that Defendant Hands of Compassion failed to pay Plaintiffs for overtime hours worked, such pay is not compensable under the FLSA because it is for de minimis time.

9. Plaintiffs may not recover both prejudgment interest and liquidated damages under the FLSA.

10. To the extent Plaintiffs are pursuing punitive damages, that claim is barred or otherwise limited by the U.S. Constitution, the Texas Constitution, federal statute, state statute, and/or Hands of Compassions' good faith efforts to comply with the FLSA.

11. Punitive damages are limited or barred because Hands of Compassion cannot be held vicariously liable for any employment decisions of managerial agents that are contrary to its good faith efforts to comply with the FLSA.

12. Although Plaintiffs are not similarly situated to any other individuals, including, inter alia, because of disparate job duties and other factual circumstances of the work experience in each branch, Defendant Hands of Compassion reserves the right to assert the above defenses as to any individual who files a consent to join in this action as well as other defenses that may

become evident during discovery and during other proceedings in this action.

Wherefore, Defendant Hands of Compassion requests judgment as follows:

a. That Plaintiffs and each putative member of the purported collective and class actions defined in the Complaint take nothing by the Complaint;

b. That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant Hands of Compassion and against Plaintiffs on all causes of action alleged in the Complaint;

c. That Defendant Hands of Compassion be awarded its reasonable costs incurred in this action; and

d. For such other and further relief as the Court deems just and proper.

Date: January 2, 2024                                   Respectfully submitted,

                                                        HANDS OF COMPASSION HOME
                                                        CARE, LLC

                                                        /s/ *Andrew S. Murphy*
                                                        Andrew S. Murphy (#24080244)
                                                        TAFT STETTINIUS & HOLLISTER LLP
                                                        111 East Wacker Drive, Suite 2600
                                                        Chicago, IL 60601
                                                        Phone: (312) 527-4000
                                                        Fax: (312) 527-4011
                                                        amurphy@taftlaw.com

                                                        *Counsel for Defendant Hands of
                                                        Compassion Home Care, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

     Date: January 2, 2024

                                       */s/ Andrew S. Murphy*
                                       Andrew S. Murphy
                                       *Counsel for Defendant Hands of*
                                       *Compassion Home Care, LLC*

130456936v1