UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO and<br>MELANIE MELENDEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>HANDS OF COMPASSION HOME<br>CARE, LLC; DEACONESS<br>HEALTHCARE HOLDINGS, INC.;<br>and KAREN VAHLBERG,<br><br>    Defendants. | Case No. 7:23-CV-00168<br><br>District Judge Counts<br><br>Magistrate Judge Griffin |

### DEFENDANTS DEACONESS HEALTHCARE HOLDINGS, INC., AND KAREN VAHLBERG'S MOTION TO DISMISS

Defendants Deaconess Healthcare Holdings, Inc., and Karen Vahlberg, by and through undersigned counsel, move to dismiss the complaint's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6).

### BACKGROUND[1]

Defendant Hands of Compassion Home Care, LLC is a medical home healthcare provider based in Midland. (Compl. ¶ 7.) It provides in-home care to medical patients in several counties surrounding the Midland-Odessa area in West Texas. (*Id.* ¶ 20.) Plaintiff Castillo worked for Hands of Compassion from approximately March 2022 to August 2023. (*Id.* ¶ 5.) Plaintiff Melendez is a current employee of Hands of Compassion, whose employment began in approximately May 2021. (*Id.* ¶ 6.) Both work or worked as registered nurses ("RNs") for Hands

---

[1] Defendants dispute many allegations contained in the complaint; however, the Court must accept all well pleaded allegations as true at this stage. Defendants similarly accept such well pleaded allegations as true for purposes of this motion only.

of Compassion in the Midland-Odessa area. (*Id.* ¶¶ 5–6, 20.)

Defendant Deaconess Healthcare Holdings, Inc. is an Ohio corporation with its principal place of business in Cincinnati, Ohio. (*Id.* ¶ 8.) Defendant Karen Vahlberg is a resident of Norman, Oklahoma. (*Id.* ¶ 9.) These are the only allegations contained in the complaint that are specific to Deaconess or Vahlberg.

Plaintiffs bring wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, alleging that they worked in excess of 40 hours per week but were not paid overtime wages. (*Id.* ¶ 1.) The complaint asserts (with no elaboration or differentiation) that Plaintiffs were employees of all three Defendants and that Defendants together engaged in all of the employer conduct complained of.

## ARGUMENT

### I. The Court lacks personal jurisdiction over Defendants Deaconess and Vahlberg.

Defendant Hands of Compassion admits that the Court has specific personal jurisdiction over it in this action and has filed an answer to the complaint. Personal jurisdiction over the other Defendants, however, is lacking.

#### A. Legal standard

"Personal jurisdiction must be established as against each individual defendant, even when the corporations are related." *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 602 n.3 (S.D. Tex. 2023); *see Calder v. Jones*, 465 U.S. 783, 790 (1984). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). If "the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case

that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson*, 20 F.3d at 648)). "[T]he plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling v. Stark*, No. 3:05-CV-1976-L, 2006 WL 1683442, *3 (N.D. Tex. June 19, 2006) (cleaned up).[2] Although the court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts," it "is not obligated to credit conclusory allegations, even if uncontroverted." *Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC*, 994 F. Supp. 2d 845, 848 (S.D. Tex. 2014) (cleaned up).

> **B.     Plaintiffs fail to show the Court has general or specific personal jurisdiction over Deaconess or Vahlberg.**

With few exceptions not applicable here, "the district court's personal jurisdiction is coterminous with that of a court of general jurisdiction of the state in which the district court sits." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 673 (S.D. Tex. 2014). Texas courts may exercise personal jurisdiction over a nonresident if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *DeJoria v. Maghreb Petrol. Exploration, S.A.*, 804 F.3d 373, 388 (5th Cir. 2015). Texas's long-arm statute extends to the limits of federal constitutional due process, so the analysis collapses into a due process analysis. *See Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013). Thus, "[a]sserting personal jurisdiction comports with due process when (1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction complies with traditional notions of fair play and substantial justice." *DeJoria*, 804 F.3d at 388 (cleaned up). A defendant establishes minimum

---

[2] This motion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 748 (2021); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143, 155 (2017).

contacts with a state when he purposefully avails himself "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id*. (cleaned up).

To begin, Plaintiffs fail to allege personal jurisdiction for each individual Defendant. Instead, the complaint "improperly lumps together all Defendants." *Cunningham v. Velstar, Inc.*, No. 4:21-CV-00127-ALM-CAN, 2022 WL 483193, at *5 (E.D. Tex. Jan. 26, 2022) (report and recommendation), *adopted*, 2022 WL 476077 (E.D. Tex. Feb. 16, 2022). The complaint's only allegation against Vahlberg specifically is that she "is an individual residing in Norman, Oklahoma and may be served with process wherever she may be found." (Compl. ¶ 9.) Similarly, the only allegation against Deaconess specifically concerns its state of incorporation and principal place of business—Ohio for both—and its registered agent for service of process, also located in Ohio. (Compl. ¶ 8.) These allegations establish that the Court lacks general personal jurisdiction over Deaconess or Vahlberg. *See Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.") (cleaned up); *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for [general] jurisdiction." (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924, (2011))).

Plaintiffs cannot establish specific jurisdiction, either. Specific jurisdiction requires that a defendant purposefully direct its activities at the State of Texas, and that Plaintiff's claimed injury arose from those same activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* at 474–75. Thus, to show minimum contacts, the plaintiff is required to point to "*an action of the defendant purposefully*

*directed toward the forum State.*" *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis in original). *See also Vanderbilt Mortg. and Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012) (setting forth the analytical framework). Plaintiffs state no facts against Deaconess or Vahlberg (nor can they) to support a finding of specific personal jurisdiction over them in Texas. Their conclusory allegation that "[d]uring all times relevant to this lawsuit, Defendants have done, and continues [sic] to do, business in the State of Texas," (Compl. ¶ 10), does not differentiate among the Defendants and is not entitled to deference or a presumption of truth. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

Additionally, the "minimum contacts necessary to create specific jurisdiction . . . must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283, 284 (2014) (cleaned up). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. (collecting cases). Thus, Plaintiffs' allegations about their ties to and conduct in Texas plays no part in the analysis.

Here, Plaintiffs' generalized allegations fail to establish a prima facie case of specific personal jurisdiction over either nonresident Defendant. Thus, they "fail[ ] to assert what actions—if any" that Deaconess or Vahlberg "personally took that were directed to the State of Texas." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 481 (E.D. Tex. 2019). Texas courts have consistently found jurisdiction lacking in such situations. *See, e.g.*, *Cunningham*, 2022 WL 483193, at *5; *Commodity Futures Trading Comm'n v. Cartu*, No. A-20-CV-00908-RP, 2022 WL 1625175, at *4 (W.D. Tex. May 23, 2022); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018), *aff'd sub nom. Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x 281, 284 (5th Cir. 2019) ("[A]pplicable caselaw . . . requires plaintiffs to submit evidence supporting

personal jurisdiction over each defendant without grouping them together."). Jurisdiction is lacking here for the same reasons.

### C. Exercising personal jurisdiction over Deaconess or Vahlberg would violate due process.

Due process requires that each Defendant have sufficient minimum contacts with Texas arising from their conduct and connections with Texas that would cause them to expect to be brought before the State's courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Such contacts must be somewhat substantial, and cannot merely be "random, fortuitous or attenuated." *Burger King*, 471 U.S. at 475. Nothing in the complaint suggests exercising jurisdiction over Deaconess or Vahlberg under the circumstances of this case would comport with due process. As discussed above, the analysis is the same for due process and whether Texas' long-arm statute authorizes the exercise of personal jurisdiction. Defendants therefore incorporate the discussion above and assert that exercising personal jurisdiction over Deaconess or Vahlberg would violate due process for the same reasons.

\*\*\*

Because Plaintiffs fail to assert any allegations regarding the nonresident Defendants' connections to Texas, they fail to establish a prima facie case of personal jurisdiction. The Court should therefore dismiss the complaint against Defendants Deaconess and Vahlberg for lack of personal jurisdiction.

## II. Plaintiffs fail to state a claim under the FLSA with respect to Defendants Deaconess and Vahlberg.

In addition to the jurisdictional deficiencies discussed above, Plaintiffs fail to plausibly allege an essential element of their FLSA claim against Deaconess and Vahlberg, making their dismissal from this case under Rule 12(b)(6) appropriate as well. In particular, Plaintiffs fail to plausibly allege facts demonstrating that Defendants Deaconess and Vahlberg were Plaintiffs'

employers under the FLSA.

### A. Legal standard

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendants with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Welch v. Wells Fargo Bank, N.A.*, No. H:12-CV-1468, 2012 WL 13047695, at *2 (S.D. Tex. Dec. 17, 2012). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In ruling on a motion to dismiss, the Court must "assume[ ] all well-pleaded facts contained in the complaint are true." *Welch*, 2012 WL 13047695, at *2. "The Court will, not, however 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)).

### B. Plaintiffs fail to adequately plead joint employment with respect to Deaconess and Vahlberg.

The complaint does not plausibly allege one of the essential elements of Plaintiffs' claim: that they were employees of Defendants Deaconess and Vahlberg in addition to Defendant Hands of Compassion. "[T]he elements on an FLSA overtime claim are: (1) an employee-employer relationship; (2) coverage, *i.e.*, an employee or enterprise-employer that engages in commerce or in the production of goods for commerce; and (3) a workweek that exceeds forty hours." *Arif v. Bashir*, No. 4:20-CV-2704, 2021 WL 1147582, at *3 (S.D. Tex. Mar. 10, 2021) (report and recommendation) (cleaned up), *adopted*, 2021 WL 1143776 (S.D. Tex. Mar. 25, 2021). "The fact that Defendants engaged in an enterprise does not automatically transform them into joint employers of the Plaintiff," as these are separate elements. *Id.* at *5.

In cases where a plaintiff alleges more than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). That test is as follows:

> To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* (cleaned up).

The complaint fails to allege any of these elements with respect to any of Defendants specifically. Instead, they impermissibly lump together all Defendants to make rote, conclusory allegations reciting some of these elements. (Compl. ¶¶ 22–25.) Plaintiffs claim they worked in Midland and the surrounding area, and that Defendant Hands of Compassion is organized under Texas law, headquartered in Midland, and has its registered agent for service of process in Austin. (I*d.* ¶¶ 5–7.) But they make no allegations that a joint employment relationship including Deaconess and Vahlberg existed other than generally stating that "Defendants are/were an employer of Plaintiffs and the FLSA Collective." (Compl. ¶ 13.) They do not accuse Deaconess or Vahlberg of any specific conduct other than being based in Ohio and Oklahoma, respectively.

"For purposes of this motion to dismiss, the Court need not accept as true Plaintiff[s'] conclusory allegations regarding Defendants' legal status as joint employers." *Arif*, 2021 WL 1147582, at *5. They "fail[ ] to allege facts demonstrating how each defendant . . . shared control with respect to [their] employment." *Id.* (emphasis omitted). Even "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, No. 2016 WL 3906820, at *8 (W.D. Tex. July 13, 2016) (report and recommendation) (citation omitted), *approved sub nom. Joaquin v. Hinojosa*, 2016 WL 7647630

8

(W.D. Tex. Aug. 2, 2016).

"Where a complaint seeks to hold more than one employer liable under the FLSA, at least some facts of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Id.* Texas courts routinely grant dismissal where a complaint fails to plead such facts. *See, e.g.*, *Arif*, 2021 WL 1147582, at *5; *Joaquin*, 2016 WL 3906820, at *8; *Howard v. John Moore, LP*, No. CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014); *Escobedo v. Metal Prot. Coating Prof'ls, Inc.*, 4:13-CV-2405, 2013 WL 6504675, at *3 (S.D. Tex. Dec. 11, 2013). Plaintiffs' similar failure here compels the same result.

## CONCLUSION

For the reasons discussed above, the Court should grant the motion and dismiss Defendants Deaconess and Vahlberg from this action.


Date: January 2, 2024                    Respectfully submitted,

DEACONESS HEALTHCARE HOLDINGS, INC., AND KAREN VAHLBERG

/s/ *Andrew S. Murphy*_____
Andrew S. Murphy (#24080244)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011
amurphy@taftlaw.com

*Counsel for Defendants Deaconess Healthcare Holdings, Inc., and Karen Vahlberg*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: January 2, 2024

                                          */s/ Andrew S. Murphy*
                                          Andrew S. Murphy

                                          *Counsel for Defendants Deaconess Healthcare Holdings, Inc., and Karen Vahlberg*