IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO, | § | |
| MELANIE MELENDEZ, and all others | § | |
| similarly situated under 29 USC § 216(b), | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CASE NO. 7:23-CV-00168 |
| | § | JURY DEMANDED |
| HANDS OF COMPASSION HOME CARE, | § | |
| LLC, LIFESPRING HOME CARE AND | § | |
| HOSPICE, LLC, DEACONESS | § | Collective Action pursuant to |
| HEALTHCARE HOLDINGS, INC. and | § | 29 U.S.C. § 216(b) |
| KAREN VAHLBERG, | § | |
| | § | |
| *Defendants*. | § | |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Marilyn Castillo ("Castillo") and Melanie Melendez ("Melendez"), bringing this lawsuit individually and as a collective action on behalf of all other similarly situated employees (the "FLSA Collective") (collectively referred to as "Plaintiffs") against Defendants Hands of Compassion Home Care, LLC, LifeSpring Home Care and Hospice, LLC, Deaconess Healthcare Holdings, Inc., and Karen Vahlberg (collectively referred to as "Defendants") for failing to pay Plaintiffs' overtime pay for all hours worked over forty during each workweek as required by the Fair Labor Standards Act ("FLSA"). In support thereof, Plaintiffs allege as follows:

## I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, (the "FLSA") seeking damages for Defendants' failure to pay Plaintiffs' overtime pay for all hours worked over forty during each workweek.

2. Plaintiffs work(ed) for Defendants as Registered Nurses ("RNs"). Plaintiffs' primary duties included the provision of nursing care to Defendants' patients at the patients' place of residence. Defendants paid Plaintiffs a piece rate which varied based on the type of services performed. Despite Plaintiffs being paid on a piece rate basis, they consistently worked more than forty hours in a week and were not paid overtime compensation.

3. Each of the Defendants are joint employers of Plaintiffs as defined under the FLSA and as an economic reality. Specifically, upon information and belief, Defendants all had the ability to hire or fire Plaintiffs, supervise or control Plaintiffs' work schedules or conditions of employment to a substantial degree, determine Plaintiffs' rate and method of payment, and maintain Plaintiffs' employment records.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiffs file this lawsuit individually and on behalf of all similarly situated current and former employees who worked for Defendants on a piece rate basis who, like Plaintiffs, were not paid overtime compensation for all hours worked over forty in each workweek for the time period of three years preceding the filing of this lawsuit and forward.

5. Plaintiffs seek all damages available under the FLSA, including three years of back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II.     PARTIES

6.     Plaintiff Marilyn Castillo is an individual citizen of the State of Texas and was employed by Defendants to work in Midland, Texas, and the surrounding cities, on or about March 2022 through August 2023.

7.     Plaintiff Melanie Melendez is an individual citizen of the State of Texas and is employed by Defendants to work in Midland, Texas, and the surrounding cities, and began working for Defendants on or around May 2021 through the present.

8.     Defendant Hands of Compassion Home Care, LLC is a is a limited liability corporation organized under the laws of the State of Texas, with its principal place of business at 1030 Andrews Highway 203, Midland, Texas 79701. Its registered agent is Capitol Services, Inc., which can be served with process at 1501 S. Mopac Expy., Ste 220, Austin, Texas 78746. Defendant Hands of Compassion Home Care, LLC is the employer entity that appears on Plaintiffs' 2022 IRS Form W-2.

9.     Defendant LifeSpring Home Care and Hospice, LLC is an Oklahoma limited liability corporation organized under the laws of the State of Oklahoma, with its headquarters located at 2411 Springer Drive Norman, Oklahoma 73069.  Its registered agent is Cogency Global Inc., and may be served with process at 15205 Traditions Lake Parkway, Edmond, Oklahoma 73013. Defendant LifeSpring Home Care and Hospice, LLC is the parent company of Defendant Hands of Compassion Home Care, LLC, as set forth in Hands of Compassion Home Care, LLC's Corporate Disclosure Statement [Doc. 14]. Additionally, "LifeSpring Home Care" appears as the name of the employer on Plaintiffs' earnings statements (pay stubs) that Plaintiffs receive every pay period.

10. Defendant Deaconess Healthcare Holdings, Inc. is a corporation that is incorporated under the laws of the State of Ohio, with its principal place of business in the state of Ohio, and may be served with process by serving its registered agent Taft Service Solutions Corp at 425 Walnut Street, Suite 1800, Cincinnati, Ohio, 45202. Defendant Deaconess Healthcare Holdings, Inc. is also the parent corporation of Hands of Compassion Home Care, LLC and both have the same mailing address of 615 Elsinore Place, Suite 900, Cincinnati, Ohio 45202, as set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report, and also as set forth on the deaconess-healthcare.com website.

11. Defendant Karen Vahlberg is an individual residing in Norman, Oklahoma and may be served with process wherever she may be found. Karen Vahlberg is the CEO of Defendant Hands of Compassion Home Care, LLC, as set forth in the 2022 Hands of Compassion Home Care, LLC's Texas Franchise Tax Public Information Report. Karen Vahlberg is also the owner and CEO of LifeSpring Home Health, Hospice, and Personal Services/LifeSpring In-Home Care Network (presumably assumed names for LifeSpring Home Care and Hospice, LLC), as set forth on her LinkedIn Profile. Karen Vahlberg also shares a mailing address with Defendant Deaconess Healthcare Holdings, Inc. of 615 Elsinore Place, Suite 900, Cincinnati, Ohio 45202, as set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report.

12. During all times relevant to this lawsuit, each of the Defendants have done, and continues to do, business in the State of Texas.

13. At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendants employed and continue to employ two or more employees.

15. Defendants all are/were employers of Plaintiffs and the FLSA Collective.

16. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold, or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

17. At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.

18. At all times relevant to this lawsuit, Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a).

### III.    JURISDICTION & VENUE

19. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

20. Personal jurisdiction exists over all non-resident Defendants based on the non-resident Defendants' minimum contacts with Texas and as alleged in paragraphs 3, and 8-12 above. Personal jurisdiction also exists because the non-resident Defendants are involved in the management and control of Defendant Hands of Compassion Home Care, LLC and the non-resident Defendants' Texas connected acts (e.g., hiring and supervising Texas residents to work in Texas through an intermediary entity located in Texas) are not solely performed in their corporate capacity, and are therefore doing business in Texas.

21. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Division.

## IV. FACTS

22. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

23. Defendants provide home health services to its patients living in West Texas. Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Marilyn Castillo was employed from 2022 to 2023 as an RN, and Melanie Melendez was employed from 2021 to the present as an RN.

24. Plaintiffs' primary duties were to provide nursing care to Defendants' patients in their homes.

25. Defendants maintained control, oversight, and direction over its operations, including employment practices.

26. Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs.

27. Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendant.

28. Defendants paid Plaintiffs varying amounts based upon what type of visit and nursing services they provided to a patient at the patient's residence. Certain visits and nursing services resulted in higher pay than others. Importantly, Defendants did not keep track of the time it took Plaintiffs to complete their visits to patients, but rather, assigned arbitrary and inaccurate amounts of time to each type of nursing activity. Thus, the number of hours reported on Plaintiffs' pay stubs are not an accurate representation of the number of hours Plaintiffs worked.

29. Although Defendants paid Plaintiffs a piece rate for each visit that Plaintiffs performed, Plaintiffs nevertheless worked more than forty hours per week.

30. Each day, in addition to performing their visits to patients at the patients' residences (for which they were paid a piece rate for each visit), Plaintiffs were required to travel from patient to patient, and also required to work many hours at home completing the charting for the day's visits. Plaintiffs were not able to report to Defendants their travel time or the time they worked doing charting. If the Plaintiffs were ever able to report travel and time spent charting, the time was not recorded for purposes of time keeping and overtime calculation. Plaintiffs were not paid a piece rate or hourly rate for their traveling and charting time.

31. The combination of time spent visiting patients, traveling between patients' residences, and completing charting activities for all of their visits resulted in Plaintiffs working more than forty hours per week. Because Plaintiffs worked more than forty hours per week, they are entitled to overtime pay.

32. Defendants did not record how many hours Plaintiffs worked and did not pay Plaintiffs' overtime for working more than forty hours per week.

33. Because Plaintiffs are not paid a salary, they are non-exempt employees and entitled to overtime pay.

## V.   FLSA CLAIM FOR OVERTIME PAY

34. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

35. At all relevant times, Defendants were Plaintiffs' employers under the FLSA and were engaged in commerce under the FLSA.

36. Plaintiffs were not exempt from overtime under the FLSA and were paid on a piece rate basis.

37. Plaintiffs worked more than forty hours per workweek for Defendants but were not paid overtime for all hours worked over forty in each workweek.

38. Defendants violated the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5 by failing to maintain records which accurately show the total hours worked by Plaintiff on a daily and weekly basis.

39. Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiffs were performing unpaid and off the clock work, working more than forty hours per week, and were not paying overtime pay for all hours worked over forty during each workweek. Accordingly, Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendants' willful conduct. 29 U.S.C. § 255(a).

40. Plaintiffs seek all damages available at law for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     FLSA COLLECTIVE ACTION CLAIMS

41. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

42. Plaintiffs seek to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendants who: (a) were paid on a piece rate basis, (b) performed home health services for Defendants' patients; (c) work/worked more than forty hours in any workweek; and (d) are/were not paid overtime pay for all hours worked over forty in each such workweek.

43. Plaintiffs have personal knowledge that other putative FLSA Collective individuals were paid pursuant to the same policy, namely, they were paid a piece rate but not paid overtime pay for all hours worked over forty in each workweek.

44. The putative FLSA Collective individuals are similarly situated to Plaintiffs and to one another within the meaning of Section 216(b) of the FLSA.

45. The putative FLSA Collective individuals are not exempt from receiving overtime pay under the FLSA.

46. Defendants' failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative FLSA Collective individuals.

47. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

48. Although the exact amounts of damages may vary amongst the putative FLSA Collective individuals, their respective damages are easily calculable using a simple formula and facts uniformly applicable to all of them.

49. Plaintiffs reserve the right to establish sub-collectives and/or modify collective notice language as appropriate in any motion to certify a collective action or other proceeding.

50. Plaintiffs further reserve the right to amend the definition of the putative FLSA Collective, or sub-collectives therein, if discovery and further investigation reveal that the putative FLSA Collective should be expanded or otherwise modified.

### VII.   JURY DEMAND

51. Plaintiffs demand a jury trial on behalf of themselves and the putative FLSA Collective on all issues.

## VIII.   PRAYER

52.   For these reasons, Plaintiffs ask that the Court issue summonses for Defendants to appear and answer, and that Plaintiffs and the putative FLSA Collective be awarded judgment against Defendants for the following:

    a.   An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative FLSA Collective individuals;

    b.   All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

    c.   All other relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

*ATTORNEYS FOR PLAINTIFFS AND THE FLSA COLLECTIVE*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, through the ECF system, and service was made to all counsel of record using the ECF system on the date of filing.

*/s/ Fernando M. Bustos*