IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO, <br> MELANIE MELENDEZ, and all others <br> similarly situated under 29 USC § 216(b), <br><br> *Plaintiffs*, <br><br> v. <br><br> HANDS OF COMPASSION HOME CARE, <br> LLC, LIFESPRING HOME CARE AND <br> HOSPICE, LLC, DEACONESS <br> HEALTHCARE HOLDINGS, INC. and <br> KAREN VAHLBERG, <br><br> *Defendants*. | § § § § § § § § § § § § § § § | <br><br><br><br><br><br> CASE NO. 7:23-CV-00168 <br> JURY DEMANDED <br><br><br> Collective Action pursuant to <br> 29 U.S.C. § 216(b) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT

COME NOW Plaintiffs Marilyn Castillo and Melanie Melendez, and all other similarly situated under 29 USC § 216(b) (collectively referred to as the "Plaintiffs"), asking the Court to deny Defendants' Deaconess Healthcare Holdings, Inc. ("Deaconess") and Karen Vahlberg's ("Vahlberg") (collectively referred to as the "Defendants") Rule 12(b)(2) and 12(b)(6) Motion to Dismiss as moot, and would show the Court as follows:

### I.   INTRODUCTION

1.   Plaintiffs sued Defendants for failing to pay Plaintiffs and the FLSA Collective all their standard and overtime pay as required by the Fair Labor Standards Act ("FLSA").

2.   Defendants filed their Motion to Dismiss alleging that the Court does not have personal jurisdiction over Defendants and that Plaintiffs' Complaint failed to allege sufficient facts to show that Defendants were joint employers.

3. Plaintiffs have since filed a First Amended Complaint in response to Defendants' Rule 12(b)(2) and 12(b)(6) Motion to Dismiss, thereby mooting the issues raised in Defendants' Motion. Specifically, Plaintiffs' First Amended Complaint makes a prima facie showing that the Court has personal jurisdiction by specifically alleging facts that show how Defendants are joint employers of Plaintiffs and how they are all interrelated.

4. In further support of Plaintiffs' position that the Court should deny Defendants' Motion as moot, Plaintiffs file this Response to Defendants' Motion to Dismiss.

## II. ARGUMENTS AND AUTHORITIES

### A. Standard of Review

5. "The party seeking to invoke the power of the Court bears the burden of proving that jurisdiction exists." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). However, the Plaintiff does not need to establish personal jurisdiction by a preponderance of the evidence, but rather, only needs to make a prima facie showing, and the court must resolve all undisputed facts submitted by the Plaintiff in favor of jurisdiction. *Id.*

6. The United States Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), set the latest standard for the sufficiency of pleadings, recognizing that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which its rests.'" The Court held that "*a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations*," but requires sufficient facts to demonstrate entitlement to relief above the speculative level. *Id*. (emphasis added). In *Twombly*, the Court explained that allegations require factual pleadings which "raise a reasonable expectation that discovery will reveal evidence of [the cause of action]." *Id*.

However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*.

7. The Court further addressed the sufficiency of pleadings in *Iqbal v. Ashcroft*, 556 U.S. 662 (2009). In *Iqbal*, the Supreme Court suggested that a court can begin its analysis of a Rule 12(b)(6) motion by identifying conclusory pleadings not supported by factual allegations, and which are entitled to no presumptive benefit. *Id*. at 679. However, "[w]here there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

8. While the Court's recent rulings in *Twombly* and *Iqbal* enacted a change in federal pleading standards (s*ee generally* Arthur R. Miller, *From* Conley *to* Twombly *to* Iqbal*: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1 (2010)), those cases do not represent a sea change in pleading practice. The net result of *Twombly* and *Iqbal* is to merely impose a requirement that a plaintiff supply a sufficient level of factual allegations that allows a judge—based on their "experience and common sense"—to conclude that a complaint presents a plausible claim for relief, after construing the facts in the light most favorable to the plaintiff. *See Iqbal*, 129 S. Ct. at 1950; *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011) (citations omitted) (noting that *Twombly* and *Iqbal* do not alter the longstanding standard of review).

9. As the Fifth Circuit has noted in cases since *Twombly* and *Iqbal*, motions filed under Federal Rule Civil Procedure 12(b)(6) are still "*viewed with disfavor, and are rarely granted.*" *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (emphasis added) (quoting *Twombly*); *Harold H. Huggins Realty, Inc.*, 634 F.3d at 803 n. 44 (citations omitted).

10. Thus, post-*Twombly* and *Iqbal,* under Rule 12(b)(6), the basic standard of review remains unchanged - "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* Furthermore, "Iqbal and Twombly's emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc.*, 634 F.3d at 803 n.44. (emphasis added).

**B. Plaintiffs' First Amended Complaint makes a prima facie case that the Court has personal jurisdiction over Defendants Deaconess and Vahlberg.**

11. Plaintiffs make a prima facie showing that the Court has personal jurisdiction over Deaconess. Specifically, Plaintiffs' First Amended Complaint pleads that Deaconess is the parent corporation of Hands of Compassion Home Care, LLC and both have the same mailing address of 615 Elsinore Place, Suite 900, Cincinnati, Ohio 45202, which is set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report, and also on the deaconess-healthcare.com website. *See* Doc 17, ¶10; Exhibit 1, (Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report); Exhibit 2, (deaconess-healthcare.com website, page 3).

12. Plaintiffs also make a prima facie showing that the Court has personal jurisdiction over Vahlberg. Specifically, Plaintiffs' First Amended Complaint pleads that Vahlberg is the CEO of Defendant Hands of Compassion Home Care, LLC, and that she shares a mailing

address with Deaconess, which is set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report. *See* Doc 17, ¶11; Exhibit 1,

13. Plaintiffs' Amended Complaint also pleads that Vahlberg is the self declared owner and CEO of LifeSpring Home Health, Hospice, and Personal Services/LifeSpring In Home Care Network (presumably the assumed name for Defendant LifeSpring Home Care and Hospice, LLC) as stated on her LinkedIn profile. *See* Doc 17, ¶11; Exhibit 3 (LinkedIn profile page for Karen Vahlberg).

14. Because of the specific facts now pleaded in Plaintiffs' Amended Complaint that shows the joint and interwoven nature of the employment relationship between Defendants, and that the Defendants' relationships and contacts with Texas are not merely a corporate function, Plaintiffs' Amended Complaint makes a prima facie showing that the Court has specific jurisdiction over Defendants Deaconess and Vahlberg, and their Motion to Dismiss under Rule 12(b)(2) should therefore be denied as Moot.

### C. Plaintiffs' First Amended Complaint adequately pleads facts showing Deaconess and Valberg are employers within the meaning of the Fair Labor Standards Act.

15. Plaintiffs' First Amended Complaint sufficiently pleads facts alleging that Defendants Deaconess and Valberg are joint employers within the meaning of the Fair Labor Standards Act. Specifically, Plaintiffs' Amended Complaint pleads that Defendants are joint employers of Plaintiffs as defined under the FLSA and that as an economic reality, upon information and belief, Defendants all had the ability to hire or fire plaintiffs, supervise or control Plaintiffs' work schedules or conditions of employment to a substantial degree, determine Plaintiffs' rate and method of payment, and maintain Plaintiffs' employment records. *See* Doc. 17, ¶3.

16. The specific allegations contained in Plaintiffs' First Amended Complaint in support of Plaintiffs' contentions that Defendants are joint employers, combined with the facts in support of the Court having jurisdiction over Defendants, are sufficient to overcome Defendants' Motion to Dismiss for failure to state a claim. Accordingly, Plaintiffs request that the Court deny Defendants' Motion to Dismiss under 12(b)(6) as moot.

### III.   CONCLUSION

17. Because of Plaintiffs recently filed Amended Complaint, and for the reasons set forth herein, Plaintiffs request that the Court deny in all respects Defendants Deaconess and Vahlberg's Motion to Dismiss as moot.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

***ATTORNEYS FOR PLAINTIFFS AND THE FLSA COLLECTIVE***

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, through the ECF system, and service was made to all counsel of record using the ECF system on the date of filing.

*/s/ Fernando M. Bustos*
Fernando M. Bustos

```
147228 C  180701
TX2022    05-102
Ver. 13.0 (Rev.9-15/33)
```

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ Tcode  13196

■ Taxpayer number: 10208009356

■ Report year: 2022

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name: **HANDS OF COMPASSION HOME CARE, LLC**

☐ Check box if the mailing address has changed.

Mailing address: **615 ELSINORE PLACE, STE 900**
City: **CINCINNATI**   State: **OH**   ZIP code plus 4: **452021434**

Secretary of State (SOS) file number or Comptroller file number:

☐ Check box if there are currently no changes from previous year; if no information is displayed complete the applicable information in Sections A, B and C.

Principal office: **615 ELSINORE PLACE, STE 900 CINCINNATI, OH 45202**
Principal place of business: **1030 ANDREWS HWY #203 MIDLAND, TX 79701**

You must report officer, director, member, general partner and manager information as of the date you complete this report.
*Please sign below!*

This report must be signed to satisfy franchise tax requirements.

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | mm dd yy |
|---|---|---|---|---|
| **KAREN VAHLBERG** | **CEO** | ☒ YES | | |
| Mailing address: **615 ELSINORE PLACE, STE 900** | City: **CINCINNATI** | | State: **OH** | ZIP Code: **45202** |
| | | ☐ YES | | |
| Mailing address | City | | State | ZIP Code |
| | | ☐ YES | | |
| Mailing address | City | | State | ZIP Code |

1020800935622

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| **DEACONESS HEALTHCARE HOLDINGS, INC & SUBSIDIARIES** | **OH** | N/A | 100.00 |

Registered agent and registered office currently on file (see instructions if you need to make changes)
Agent:
Office:                                                                 City            State       ZIP Code

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

sign here ▶ *[signature]*   Title: **CEO**   Date: **1/22/22**   Area code and phone number: **(513) 559-2656**

Texas Comptroller Official Use Only

VE/DE ☐   PIR IND ☐

1019

Exhibit 1



# A Legacy of Caring.
# A Future of Service.

**The Deaconess legacy is one of compassionate care in the Christian tradition.** Founded in 1888 as the first general hospital in Cincinnati, Deaconess today is an independent, not-for-profit enterprise managing a portfolio in excess of $1 billion of diversified health services, programs, investments and community grant initiatives in Greater Cincinnati and across the country.

We seek new ways to improve people's health, while lowering costs through new delivery models and consumer education. We promote better outcomes by facilitating access to care, encouraging prevention, and supporting wellness initiatives. Our investments and programs reflect this philosophy.
Deaconess invests in healthcare opportunities and community programs that:

- Provide solutions for vulnerable populations
- Require fewer resources and more immediate care
- Fill voids in treatment and improve quality of life
- Involve alliances with other community providers who are committed to a similar mission and values

Exhibit 2

# Deaconess Foundation

## MAKING HEALTHCARE MORE ACCESSIBLE FOR THOSE IN NEED.

The Deaconess Foundation improves community health by investing in initiatives which provide healthcare access and education to at-risk populations and in underserved communities.

Learn More

# Deaconess Connections

## HELPING TO TRANSFORM HEALTHCARE DELIVERY.

Deaconess Connections engages companies committed to improving the quality of care and generating positive outcomes, with a collaborative, growth-oriented approach.

Learn More

615 Elsinore Place, Suite 900
Cincinnati, OH 45202

(513) 559-2111

Email Us

 

## Foundation

Grants
Grants Awarded
News
Staff
Contact Us

## Connections

Portfolio Companies
Investment Approach
Staff
Contact Us



© 2020 - 2024 Deaconess Association Incorporated

  Home | My Network | Jobs | Messaging | Notifications | Me ▼ | For Business ▼ | Try Premium $0





### Karen Vahlberg · 3rd
Owner, LifeSpring Home Health, Hospice, and Personal Services

 **LifeSpring In-Home Care Network**

University of Oklahoma

Norman, Oklahoma, United States · Contact info

500+ connections

Message    + Follow    More

## Activity
775 followers

Posts    Comments

**Karen Vahlberg** reposted this • 4mo

 Choosing the right home care company can be difficult.

Through the diversity of services offered, to our belief that c ...show more

9

**Karen Vahlberg** reposted this • 4mo

 **Summit Home Care** Lead Physical Therapist , Doug Verhoff, PT, DPT packed the house today at Stone Oak Retirement Community as he discussed Fall Prevention. Doug has been an integral part o ...show more

22                                          1 comment · 2 reposts

**Karen Vahlberg** reposted this • 4mo

 Choosing the right home care company can be difficult.

Through the diversity of services offered, to our belief that c ...show more

5

Show all posts →

### Experience

 **LifeSpring In-Home Care Network**
21 yrs 1 mo

**Owner, CEO**
May 2003 - Present · 20 yrs 9 mos
Norman, Oklahoma

**Exhibit 3**

**Chief Executive Officer**
2003 - Present · 21 yrs 1 mo

 download.gif

**Principal Consultant**
HMS Healthcare Management Solutions, Inc.
1997 - 2015 · 18 yrs

## Education



**University of Oklahoma**
BSN, BM, Nursing, Music
1977 - 1990

## Skills

**Customer Service**
2 endorsements

**Elder Care**
8 endorsements

Show all 8 skills →

## Recommendations

Received    Given



**Nat Christiansborg** · 3rd
INTRODUCING The "One-Stop" Social Media Platform. Login ONCE. Do Facebook, Twitter, Instagram, TikTok, LinkedIn, SnapChat, Pinterest, WeChat. All on ONE PLATFORM. NEVER BEFORE ONLINE.
June 5, 2015, Nat was Karen's client

Thank you Karen for the consulting help we received from your company, HMS. Thanks to you and your staff, our company, Golden Age Hospice is fast becoming one of the best Federal Medicare and State Medicaid-Licensed Hospice Providers in the State of Oklahoma. Keep up the good work and God Bless.

## Interests

Top Voices    Companies    Groups    Newsletters    Schools



**Richard Branson** 🔗 · 3rd
Founder at Virgin Group
18,727,264 followers

( + Follow )

Ad ···
The ABA is the nation's largest voluntary legal association.

 

Enhance your legal proficiency with ABA Membership

Join the ABA

## People also viewed


**Cynthia Housman** · 3rd
Chief Human Resources Officer at LifeSpring In-Home Care Network

 Connect

**Trent Smith** · 3rd
CEO at Accentra Home Health and Hospice

+ Follow


**Vickie Macias** · 3rd
Executive Healthcare Recruiter, CompleteOk Home Health, Palliative & Hospice. President-Elect CMSA-Eastern OK

 + Follow


**Douglas Harrison, MBA** · 3rd
Chief Executive Officer | Healthcare | Home Health and Hospice | Strategy | FP&A

View profile


**Valentine Umeh** · 3rd
Administrator/Owner at Ever Passionate Home Care

View profile

Show all

## People you may know
From Karen's company


**Lisa Treffinger**
--

 Connect


**Landon Blankenship**
Hospice RN - Case Manager

 Connect


**Joli Humes**
Medical Review Specialist RN at LifeSpring Home Care

Connect


**Debbie Chery MSW**
Master Social Worker & Certified Project Manager


Tiffany Johnson
Graphic Designer
+ Connect

Show all

**You might like**
Pages for you


**Supreme Court of Texas**
Administration of Justice
9,770 followers

 27 connections follow this page

+ Follow


**U.S. District Courts**
Administration of Justice
62,778 followers

 16 connections follow this page

+ Follow

Show all

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO, MELANIE MELENDEZ, and all others similarly situated under 29 USC § 216(b), | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 7:23-CV-00168 JURY DEMANDED |
| HANDS OF COMPASSION HOME CARE, LLC, LIFESPRING HOME CARE AND HOSPICE, LLC, DEACONESS HEALTHCARE HOLDINGS, INC. and KAREN VAHLBERG, | § § § § § § | Collective Action pursuant to 29 U.S.C. § 216(b) |
| *Defendants.* | § § | |

### AFFIDAVIT OF BRANDON C. CALLAHAN IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**STATE OF TEXAS**          §
                            §
**COUNTY OF LUBBOCK**   §

BEFORE ME, the undersigned authority, on this day personally appeared BRANDON C. CALLAHAN, who, being by me duly sworn on his oath, deposed as follows:

1. "My name is BRANDON C. CALLAHAN. I reside in Lubbock County, Texas. I am over the age of 18, of sound mind; have never been convicted of any crime involving moral turpitude; and have personal knowledge of the following facts. I am fully competent to make this Affidavit. I am licensed to practice law in the State of Texas and my Texas Bar number is 24096175. My business address is 1001 Main Street, Suite 501, Lubbock, Texas 79401. I am an attorney representing Plaintiffs in the above-styled and numbered cause. I declare under penalty of perjury that the following is true and correct.

2. "Attached as Exhibit 1 to this affidavit is a true and correct copy of Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report as published on the Texas Secretary of State's website;

3. "Attached as Exhibit 2 to this affidavit is a true and correct copy of Deaconess Association Incorporated's website (deaconess-healthcare.com website, page 3);

4. "Attached as Exhibit 3 to this affidavit is a true and correct copy of the LinkedIn profile page for Defendant Karen Vahlberg.

"Further, affiant sayeth not."

_____
BRANDON C. CALLAHAN

SUBSCRIBED AND SWORN TO before me on this 16th day of January, 2024.

ZebbeDee Hernandez
Notary Public, State of Texas
Notary ID# 840898-6
My Commission Expires 03-14-2024

_____
Notary Public, State of Texas