UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO and MELANIE MELENDEZ,<br><br> Plaintiffs,<br><br>v.<br><br>HANDS OF COMPASSION HOME CARE, LLC, LIFESPRING HOME CARE AND HOSPICE, LLC, DEACONESS HEALTHCARE HOLDINGS, INC., and KAREN VAHLBERG,<br><br> Defendant. | Case No. 7:23-CV-00168<br><br>District Judge Counts<br><br>Magistrate Judge Griffin |

**DEFENDANTS DEACONESS HEALTHCARE HOLDINGS, INC., LIFESPRING HOME CARE AND HOSPICE, LLC, AND KAREN VAHLBERG'S MOTION TO DISMISS**

Defendants Deaconess Healthcare Holdings, Inc., LifeSpring Home Care and Hospice, LLC, and Karen Vahlberg, by and through undersigned counsel, move to dismiss the amended complaint's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6).

**BACKGROUND**[1]

Defendant Hands of Compassion Home Care, LLC is a medical home healthcare provider based in Midland. (Pls.' 1st Am. Compl., D.E. 17, ¶ 8.) It provides in-home care to medical patients in several counties surrounding the Midland-Odessa area in West Texas. (*Id.* ¶ 23.) Plaintiff Castillo worked for Hands of Compassion from approximately March 2022 to August 2023. (*Id.* ¶ 6.) Plaintiff Melendez is a current employee of Hands of Compassion, and her employment began

---

[1] Defendants dispute many allegations contained in the amended complaint; however, the Court must accept all well pleaded allegations as true at this stage. Defendants similarly accept such well pleaded allegations as true for purposes of this motion only.

in approximately May 2021. (*Id.* ¶ 7.) Both work or worked as registered nurses ("RNs") for Hands Compassion in the Midland-Odessa area. (*Id.* ¶¶ 6–7, 23.)

Defendant Deaconess Healthcare Holdings, Inc. is an Ohio corporation with its principal place of business in Cincinnati, Ohio. (*Id.* ¶ 10.) It is an indirect parent company of Hands of Compassion. Defendant LifeSpring Home Care and Hospice, LLC is a limited liability company organized under the laws of Oklahoma, with its headquarters in in Norman, Oklahoma. (*Id.* ¶ 9.) It is a direct parent company of Hands of Compassion. (D.E. 14.) Defendant Karen Vahlberg is a resident of Norman, Oklahoma. (Am. Compl. ¶ 11.) She is the former CEO of Hands of Compassion and the former CEO and owner of LifeSpring.

Plaintiffs bring wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, alleging that they worked in excess of 40 hours per week but were not paid overtime wages. (*Id.* ¶ 1.) Defendant Hands of Compassion filed an answer to Plaintiffs' initial complaint while Defendants Deaconess and Vahlberg moved to dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. (D.E. 13.) In response, Plaintiffs filed a First Amended Complaint.[2] (D.E. 17.) They also filed a response in opposition to the motion to dismiss discussing the changes included in their amended complaint, but the Court denied the motion as moot. (D.E. 18.) Now, Defendants Deaconess and Vahlberg, joined by Defendant LifeSpring, which has been added as a Defendant in the amended complaint, renew their previous motion to dismiss Plaintiffs' claims against them. Defendants also address the changes in the amended complaint and the arguments Plaintiffs presented to the Court in their response to the first motion to dismiss.

---

[2] For the Court's convenience, Defendants have attached a comparison document showing the differences between Plaintiffs' initial complaint and their first amended complaint. (**Ex. 1**.) Additions appear in blue while deletions appear in red.

**ARGUMENT**

**I.     The Court lacks personal jurisdiction over Defendants Deaconess, LifeSpring, and Vahlberg.**

Defendant Hands of Compassion admits that the Court has specific personal jurisdiction over it in this action and filed an answer to the initial complaint. (D.E. 12.) Personal jurisdiction over the other Defendants, however, is lacking.

**A.     Legal standard**

"Personal jurisdiction must be established as against each individual defendant, even when the corporations are related." *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 602 n.3 (S.D. Tex. 2023); *see Calder v. Jones*, 465 U.S. 783, 790 (1984). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). If "the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (cleaned up).[3] "[T]he plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling v. Stark*, No. 3:05-CV-1976-L, 2006 WL 1683442, *3 (N.D. Tex. June 19, 2006) (cleaned up). Although the court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts," it "is not obligated to credit conclusory allegations, even if uncontroverted." *Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC*, 994 F. Supp. 2d 845, 848 (S.D. Tex. 2014) (cleaned up).

---

[3] This motion uses "(cleaned up)" to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 748 (2021); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143, 155 (2017).

With few exceptions not applicable here, "the district court's personal jurisdiction is coterminous with that of a court of general jurisdiction of the state in which the district court sits." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 673 (S.D. Tex. 2014). "Texas courts may exercise personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *DeJoria v. Maghreb Petrol. Exploration, S.A.*, 804 F.3d 373, 388 (5th Cir. 2015). Texas's long-arm statute extends to the limits of federal constitutional due process, so the analysis collapses into a due process analysis. *See Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013). "Asserting personal jurisdiction comports with due process when (1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction complies with traditional notions of fair play and substantial justice." *DeJoria*, 804 F.3d at 388 (cleaned up). A defendant establishes minimum contacts with a state when he purposefully avails himself "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (cleaned up).

### B. Defendant Deaconess

Plaintiffs fail to show that the Court has personal jurisdiction over Defendant Deaconess. To begin, there is no general personal jurisdiction over Deaconess. Plaintiffs allege that Deaconess is an Ohio corporation with its principal place of business in Ohio. (Am. Compl. ¶ 9.) As a non-resident Defendant, Deaconess is not "at home" in the Western District of Texas. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("[F]or a corporation, the place of incorporation and principal place of business are where it is 'at home' and are thus paradigm bases for [general] jurisdiction." (cleaned up)). Outside of Ohio, a court may exercise general jurisdiction over Deaconess only in an "exceptional case" where its "operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co.*

*v. Tyrrell*, 581 U.S. 402, 413 (2017) (cleaned up); *see Monkton*, 768 F.3d at 432 ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). Plaintiffs include no allegations or evidence as to Deaconess that would satisfy this high burden.

Plaintiffs cannot establish specific personal jurisdiction, either. "Unlike general jurisdiction, the specific jurisdiction inquiry 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Hageman v. Corporacion EG, S.A. de C.V.*, No. SA:14-CV-976-DAE, 2015 WL 1510009, at *4 (W.D. Tex. Mar. 31, 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Specific jurisdiction requires that a defendant purposefully direct its activities at the State of Texas, and that a plaintiff's claimed injury arose from those same activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* at 474–75 (cleaned up). Thus, to show minimum contacts, the plaintiff is required to point to "*an action of the defendant purposefully directed toward the forum State.*" *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis in original); *see also Vanderbilt Mortg. and Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012) (setting forth the analytical framework).

Additionally, the "minimum contacts necessary to create specific jurisdiction . . . must arise out of contacts that the defendant himself creates with the forum State." *Walden*, 571 U.S. at 283, 284 (cleaned up). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (collecting cases). Thus, Plaintiffs' allegations about their ties to and conduct in Texas play no part in the analysis.

Plaintiffs fail to sufficiently allege personal jurisdiction for each individual non-resident Defendant. (*See* Am. Compl. ¶ 20.) Instead, the complaint "improperly lumps together all Defendants." *Cunningham v. Velstar, Inc.*, No. 4:21-CV-00127-ALM-CAN, 2022 WL 483193, at *5 (E.D. Tex. Jan. 26, 2022) (report and recommendation), *adopted*, 2022 WL 476077 (E.D. Tex. Feb. 16, 2022). Their conclusory allegation that "[d]uring all times relevant to this lawsuit, Defendants have done, and continues [sic] to do, business in the State of Texas," (Am. Compl. ¶ 12), does not differentiate among the Defendants and is not entitled to deference or a presumption of truth. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). The amended complaint's only allegations against Deaconess specifically are (1) those related to its Ohio residency and registered agent for service of process; (2) that it, along with LifeSpring Home Care and Hospice LLC, is "also the parent corporation of Hands of Compassion Home Care, LLC"; and (3) that it shares a mailing address in Cincinnati with Hands of Compassion and Ms. Vahlberg. (Am. Compl. ¶¶ 10–11.)

Thus, Plaintiffs' generalized allegations fail to establish a prima facie case of specific personal jurisdiction over Deaconess. They "fail[ ] to assert what actions—if any" that Deaconess "personally took that were directed to the State of Texas." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 481 (E.D. Tex. 2019). Texas courts have consistently found jurisdiction lacking in such situations. *See, e.g.*, *id*; *Commodity Futures Trading Comm'n v. Cartu*, No. A-20-CV-00908-RP, 2022 WL 1625175, at *4 (W.D. Tex. May 23, 2022); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973–80 (S.D. Tex. 2018), *aff'd sub nom. Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x 281, 284 (5th Cir. 2019) ("[A]pplicable caselaw . . . requires plaintiffs to submit evidence supporting personal jurisdiction over each defendant without grouping them together."). Jurisdiction is lacking here for the same reasons.

Having failed to establish that Deaconess has minimum contacts with Texas, Plaintiffs instead rely on a theory of mere corporate association. But "it is well-settled that where, as here, a . . . subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent." *Southmark Corp. v. Life Inv'rs, Inc.*, 851 F.2d 763, 773–74 (5th Cir. 1988). Plaintiffs face a heavy burden in seeking to rebut this "presumption of institutional independence." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). They must present "clear evidence" of "something beyond the mere existence of a corporate relationship between a resident and nonresident entity." *Id.* (cleaned up). For Plaintiffs to satisfy this burden, "[t]he relationship between the parent corporation and its subsidiary must be such that they are, in reality, the same corporation. This generally requires the corporate separation to be a fiction." *Hageman*, 2015 WL 1510009, at *5 (cleaned up).

In determining whether Plaintiffs have "overcome the presumption of corporate separateness" such that the corporations may be "fuse[d] . . . for jurisdictional purposes," the following factors, referred to as the *Hargrave* factors, apply:

(1) the amount of stock owned by the parent of the subsidiary;

(2) whether the entities have separate headquarters, directors, and officers;

(3) whether corporate formalities are observed;

(4) whether the entities maintain separate accounting systems; and

(5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Freudensprung*, 379 F.3d at 346 (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). The Fifth Circuit has held, however, that "the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos," even where other factors support an alter ego relationship. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010).

7

Plaintiffs fail to satisfy their burden here. That Deaconess shares a mailing address with its indirect subsidiary Hands of Compassion for purposes of tax reporting is not unusual and does not show a disregard for corporate formalities. Plaintiffs cite no authority supporting their apparent argument that this is sufficient to exercise jurisdiction over Deaconess. (*See* D.E. 18 at 4.) And the Texas Franchise Tax Public Information Report filed by Plaintiffs shows that Hands of Compassion's principal place of business is in Midland, Texas, not Cincinnati, Ohio. (*Id.* at 7; *see also* Am. Compl. ¶ 8.) This makes sense because Hands of Compassion does business in Texas while Deaconess does not.

Plaintiffs fail to meet their "burden of overcoming the presumption of corporate separateness by clear evidence" as to Hands of Compassion and Deaconess. *Hageman*, 2015 WL 1510009, at *5 (cleaned up). They cannot do so because the corporate separation between Deaconess and Hands of Compassion is not "a fiction." *Id.* As such, the Court should dismiss the complaint as to Deaconess for lack of personal jurisdiction.

### C. Defendant LifeSpring

Plaintiffs also fail to show that the Court has personal jurisdiction over Defendant LifeSpring. There is no general personal jurisdiction over LifeSpring because Plaintiffs allege that LifeSpring is "an Oklahoma limited liability corporation organized under the laws of the State of Oklahoma" with its headquarters in Norman, Oklahoma. (Am. Compl. ¶ 9.) "When determining the scope of general personal jurisdiction over a limited liability company ('LLC'), the Fifth Circuit conducts the same inquiry as it does for corporations. *Laday v. Roderick*, No. 1:22-CV-00261, 2023 WL 2188706, at *2 (E.D. Tex. Feb. 23, 2023) (citing *Frank v. P N K (Lakes Charles) L.L.C.*, 947 F.3d 331, 336–38 (5th Cir. 2020)). Pursuant to Plaintiffs' allegations, then, LifeSpring is a resident of Oklahoma only. Plaintiffs include no allegations or evidence suggesting that LifeSpring is subject to general jurisdiction in Texas. *See Monkton*, 768 F.3d at 432.

Specific personal jurisdiction is also lacking. Again, Plaintiffs' general allegations lumping together the non-resident Defendants do not suffice. *Head*, 760 F. App'x at 284. Neither do their conclusory allegations that "[d]uring all times relevant to this lawsuit, Defendants have done, and continues [sic] to do, business in the State of Texas." (Am. Compl. ¶ 12); *see Panda Brandywine*, 253 F.3d at 869. The amended complaint's only allegations against LifeSpring specifically are (1) those related to its Oklahoma residency and registered agent for service of process; (2) that it, along with Deaconess, is "the parent company of Defendant Hands of Compassion"; (3) that the phrase "LifeSpring Home Care" "appears as the name of the employer on Plaintiffs' earnings statements (pay stubs) that Plaintiffs receive every pay period"; and (4) that Ms. Vahlberg is its CEO and owner. (Am. Compl. ¶¶ 9–11.) Plaintiffs thus fail to establish that LifeSpring has such minimum contacts with Texas to support the exercise of specific personal jurisdiction. None of these activities involve LifeSpring reaching into Texas or purposefully availing itself of the benefits of doing business or engaging in other activities there.

Plaintiffs' alternative corporate association theory does not work here, either. As above, LifeSpring's ownership of Hands of Compassion does not support the exercise of personal jurisdiction over it because Plaintiffs cannot meet their high burden of providing "clear evidence" showing that the corporate separation between LifeSpring and Hands of Compassion is "a fiction." *Hageman*, 2015 WL 1510009, at *5. To the extent Plaintiffs argue that Vahlberg's status as CEO of both Hands of Compassion and LifeSpring satisfies this burden, they are incorrect. In *Hargrave* itself, the court found that "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations" for purposes of personal jurisdiction. 710 F.2d at 1160. Rather, the Fifth Circuit "demand[s] proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the

9

two for jurisdictional purposes," and "[t]he degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship." *Id.* Plaintiffs admit that LifeSpring is headquartered in Norman, Oklahoma while Hands of Compassion has its principal place of business in Midland. (Am. Comp. ¶¶ 8–9.) This shows that the two are not alter egos but rather separate business entities as a matter of fact, operating in different places.

The only other allegation "beyond the mere existence of a corporate relationship" here is Plaintiffs' assertion that "LifeSpring Home Care"—not LifeSpring Home Care & Hospice, LLC—"appears as the name of the employer on Plaintiffs' earnings statements." (Am. Compl. ¶ 9.) This minor assertion falls far short of demonstrating that the corporate separation between LifeSpring and Hands of Compassion is nothing more than a paper fiction. It does not establish that corporate formalities between the two are not observed, that they share accounting systems, or that LifeSpring exercises "complete control" over Hands of Compassion's general policies or daily activities. *Freudensprung*, 379 F.3d at 346. Accordingly, the Court should dismiss the complaint as to LifeSpring for lack of personal jurisdiction.

### D.     Defendant Vahlberg

Plaintiffs next fail to show that the Court has personal jurisdiction over Defendant Vahlberg. There is no general personal jurisdiction over Ms. Vahlberg because Plaintiffs allege that she resides in Oklahoma and has a mailing address in Cincinnati, Ohio. (Am. Compl. ¶ 11.) As a non-resident Defendant, Ms. Vahlberg is not "at home" in the Western District of Texas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). Plaintiffs include no allegations or evidence that would satisfy their high burden of showing Ms. Vahlberg is subject to general jurisdiction in Texas. *See Monkton*, 768 F.3d at 432.

Specific personal jurisdiction is also lacking. Again, Plaintiffs cannot carry their burden with general allegations lumping together the non-resident Defendants, *Head*, 760 F. App'x at 284, or conclusory allegations that "[d]uring all times relevant to this lawsuit, Defendants have done, and continues [sic] to do, business in the State of Texas." (Am. Compl. ¶ 12); *see Panda Brandywine*, 253 F.3d at 869. The amended complaint's only allegations against Ms. Vahlberg specifically are (1) those related to her Oklahoma residency; (2) that she is the CEO of Hands of Compassion; (3) that she is the CEO and owner of LifeSpring; and (4) that she shares a mailing address with Deaconess. (Am. Compl. ¶¶ 11.)[4]

These bare allegations fail to establish minimum contacts with Texas that would support the exercise of personal jurisdiction over Ms. Vahlberg in this Court. Plaintiffs instead seek to attribute to her the minimum contacts of Hands of Compassion (over which personal jurisdiction is uncontested) under an alter ego theory. For an individual, the analysis is similar to that discussed above involving two corporate entities. To "fuse" Ms. Vahlberg and Hands of Compassion for personal jurisdictional purposes, Plaintiffs must prove not only that she "controls the internal business operations and affairs" of Hands of Compassion, but also that the degree of control is "greater than that normally associated with ownership of a closely-held corporation." *ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*, No. CV H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015). That is, "the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *Id.* (quoting *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007)).

---

[4] In their response to Defendants' original motion to dismiss, Plaintiffs submitted a screenshot of Ms. Vahlberg's LinkedIn profile, which purports to show that she is the CEO and owner of LifeSpring. The information contained in the LinkedIn is not entirely accurate because Ms. Vahlberg is not currently an owner or executive of either LifeSpring or Hands of Compassion.

The types of evidence a court will consider as proof of an alter ego in this context include:

(1) the payment of alleged corporate debts with personal checks or other commingling of funds;

(2) representations that the individual will financially back the corporation;

(3) the diversion of company profits to the individual for his personal use;

(4) inadequate capitalization; and

(5) other failure to keep corporate and personal assets separate.

*Id.* (quoting *Nichols v. Tseng Hsiang Lin*, 282 S.W.3d 743, 747 (Tex. App. – Dallas 2009)). Plaintiffs fail to show or even allege any facts that would satisfy these factors specifically or their high burden generally. Their allegations and arguments do not suggest anything unusual about the way in which Ms. Vahlberg performed her job duties as CEO of Hands of Compassion.

Meanwhile, Ms. Vahlberg's alleged associations with LifeSpring (being labeled by Plaintiffs, inaccurately, as LifeSpring's current owner and CEO) and Deaconess (sharing a mailing address for purposes of tax reporting) do not provide a basis for the Court to assert personal jurisdiction over her. As discussed above, the Court also lacks personal jurisdiction over Deaconess and LifeSpring. And none of these associations have anything to do with Texas.

Plaintiffs fail to allege any activities by Ms. Vahlberg that would establish sufficient minimum contacts with Texas to assert specific personal jurisdiction over her. And they cannot show that Hands of Compassion is her alter ego. The Court should therefore dismiss her from this action for lack of personal jurisdiction.

### C. Exercising personal jurisdiction over Deaconess, LifeSpring, or Vahlberg would violate due process.

Due process requires that each Defendant have sufficient minimum contacts with Texas arising from their conduct and connections with Texas that would cause them to expect to be brought before the State's courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297

12

(1980). Such contacts must be somewhat substantial, and cannot merely be "random, fortuitous or attenuated." *Burger King*, 471 U.S. at 475. Plaintiffs fail to show that exercising jurisdiction over Deaconess, LifeSpring, or Vahlberg under the circumstances of this case would comport with due process. As discussed above, the analysis is the same for due process and whether Texas' long-arm statute authorizes the exercise of personal jurisdiction. Defendants therefore incorporate the discussion above and assert that exercising personal jurisdiction over Deaconess, LifeSpring, or Vahlberg would violate due process for the same reasons.

**II.      Plaintiffs fail to state a claim under the FLSA with respect to Defendants Deaconess, LifeSpring, and Vahlberg.**

In addition to the jurisdictional deficiencies discussed above, Plaintiffs fail to plausibly allege an essential element of their FLSA claim against Deaconess, LifeSpring, or Vahlberg, making their dismissal from this case under Rule 12(b)(6) appropriate as well. In particular, Plaintiffs fail to plausibly allege facts demonstrating that the non-resident Defendants were Plaintiffs' employers under the FLSA.[5]

**A.      Legal standard**

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendants with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Welch v. Wells Fargo Bank, N.A.*, No. H:12-CV-1468, 2012 WL 13047695, at *2 (S.D. Tex. Dec. 17, 2012). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In ruling on a motion to

---

[5] Hands of Compassion admitted in its answer to the initial complaint that it employed or employs Plaintiffs. (D.E. 12 at 4.)

13

dismiss, the Court must "assume[ ] all well-pleaded facts contained in the complaint are true." *Welch*, 2012 WL 13047695, at *2. "The Court will, not, however 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)).

### B. Plaintiffs fail to adequately plead joint employment with respect to Deaconess, LifeSpring, and Vahlberg.

The complaint does not plausibly allege one of the essential elements of Plaintiffs' claim: that they were employees of Defendants Deaconess, LifeSpring, or Vahlberg in addition to Defendant Hands of Compassion. "[T]he elements on an FLSA overtime claim are: (1) an employee-employer relationship; (2) coverage, *i.e.*, an employee or enterprise-employer that engages in commerce or in the production of goods for commerce; and (3) a workweek that exceeds forty hours." *Arif v. Bashir*, No. 4:20-CV-2704, 2021 WL 1147582, at *3 (S.D. Tex. Mar. 10, 2021) (report and recommendation) (cleaned up), *adopted*, 2021 WL 1143776 (S.D. Tex. Mar. 25, 2021). "The fact that Defendants engaged in an enterprise does not automatically transform them into joint employers," as these are separate elements. *Id.* at *5.

In cases where a plaintiff alleges more than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). That test is as follows:

> To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* (cleaned up). The amended complaint rotely recites these elements nearly verbatim. (Am. Compl. ¶ 3.) Plaintiffs add no detail to this conclusory allegation and do not distinguish between any of the Defendants, instead merely asserting that "[e]ach of the Defendants are joint employers

of Plaintiffs as defined under the FLSA and as an economic reality." (*Id.*) Thus, their pleading failure is twofold.

"For purposes of this motion to dismiss, the Court need not accept as true Plaintiff[s'] conclusory allegations regarding Defendants' legal status as joint employers." *Arif*, 2021 WL 1147582, at *5; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs "fail[ ] to allege facts demonstrating how each defendant . . . shared control with respect to [their] employment." *Arif*, 2021 WL 1147582, at *5 (emphasis omitted). Even "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, No. 2016 WL 3906820, at *8 (W.D. Tex. July 13, 2016) (report and recommendation) (cleaned up), *adopted sub nom. Joaquin v. Hinojosa*, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016).

"Where a complaint seeks to hold more than one employer liable under the FLSA, at least some facts of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Id.* Texas courts routinely grant dismissal where a complaint fails to plead such facts. *See, e.g.*, *Arif*, 2021 WL 1147582, at *5; *Joaquin*, 2016 WL 3906820, at *8; *Howard v. John Moore, LP*, No. CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014); *Escobedo v. Metal Prot. Coating Prof'ls, Inc.*, 4:13-CV-2405, 2013 WL 6504675, at *2–3 (S.D. Tex. Dec. 11, 2013). Plaintiffs' similar failure here compels the same result.

## CONCLUSION

For the reasons discussed above, the Court should grant the motion and dismiss Defendants Deaconess, LifeSpring, and Vahlberg from this action.

| | |
|---|---|
| Date: January 26, 2024 | Respectfully submitted,<br><br>DEACONESS HEALTHCARE HOLDINGS, INC., LIFESPRING HOME CARE AND HOSPICE, LLC, and KAREN VAHLBERG<br><br>/s/ *Andrew S. Murphy*<br>Andrew S. Murphy (#24080244)<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 E. Wacker Drive, Suite 2600<br>Chicago, IL 60601<br>Phone: (312) 527-4000<br>Fax: (312) 527-4011<br>amurphy@taftlaw.com<br><br>Layne Rouse (#24066007)<br>SHAFER, DAVIS, O'LEARY & STOKER<br>700 N. Grant, Ste. 201 (79761)<br>P.O. Drawer 1552<br>Odessa, TX 79760-1552<br>(432) 332-0893<br>Fax: (432) 333-5002<br>lrouse@shaferfirm.com<br><br>*Counsel for Defendants Deaconess Healthcare Holdings, Inc., LifeSpring Home Care and Hospice, LLC, and Vahlberg* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: January 26, 2024

>   */s/ Andrew S. Murphy*
>   Andrew S. Murphy
>
>   *Counsel for Defendants Deaconess Healthcare Holdings, Inc., LifeSpring Home Care and Hospice, LLC, and Vahlberg*