IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO, | § | |
| MELANIE MELENDEZ, and all others | § | |
| similarly situated under 29 USC § 216(b), | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CASE NO. 7:23-CV-00168 |
| | § | JURY DEMANDED |
| HANDS OF COMPASSION HOME CARE, | § | |
| LLC, LIFESPRING HOME CARE AND | § | |
| HOSPICE, LLC, DEACONESS | § | Collective Action pursuant to |
| HEALTHCARE HOLDINGS, INC. and | § | 29 U.S.C. § 216(b) |
| KAREN VAHLBERG, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT

COME NOW Plaintiffs Marilyn Castillo and Melanie Melendez, and all other similarly situated under 29 USC § 216(b) (collectively referred to as the "Plaintiffs"), asking the Court to deny Defendants' Deaconess Healthcare Holdings, Inc. ("Deaconess"), Karen Vahlberg ("Vahlberg"), and LifeSpring Home Care and Hospice, LLC ("LifeSpring") (collectively referred to as the "Defendants") Rule 12(b)(2) and 12(b)(6) Motion to Dismiss, and would show the Court as follows:

### I.   INTRODUCTION

1.      Plaintiffs sued Defendants for failing to pay Plaintiffs and the FLSA Collective all their standard and overtime pay as required by the Fair Labor Standards Act ("FLSA").

2.      On January 2, 2024, Defendants Deaconess and Vahlberg filed their first Motion to Dismiss (Doc. 13) alleging that the Court does not have personal jurisdiction over Defendants

and that Plaintiffs' Complaint failed to allege sufficient facts to show that Defendants were joint employers.

3.       In response to Defendants' first Motion to Dismiss, Plaintiffs filed their Amended Complaint (Doc. 17) and added Lifespring as a new Defendant.

4.       Next, on January 26, 2024, Defendants Deaconess, Vahlberg, and Lifespring all filed their second Motion to Dismiss (Doc. 28), to which Plaintiffs file this Response.

5.       Defendants' Motion argues in favor of a higher pleading standard than what is required under the rules and at the initial pleading stage. In effect, Defendants want Plaintiffs to prove their case now, which is not required to defeat Defendants' Motion.

6.       Plaintiffs' Amended Complaint meets its pleading burden by making a prima facie showing that the Court has personal jurisdiction over Defendants by specifically alleging facts that show Defendants are joint employers of Plaintiffs and how Defendants are all interrelated.

## II.       ARGUMENTS AND AUTHORITIES

### A.  Standard of Review

7.       When defendants challenge personal jurisdiction under Rule 12(b)(2), plaintiffs have the burden of "mak[ing] a prima facie showing that personal jurisdiction is proper" and the court "must accept the plaintiff's uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (internal citations omitted).

8.       Courts may exercise specific jurisdiction over a nonconsensual nonresident if the nonresident has contacts with the forum state that "arise from or are directly related to the cause of action." *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 433 (N.D. Tex. 2021) (internal

citations omitted). For an analysis of specific jurisdiction, the Fifth Circuit mandates a three-step inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether the defendant directed its activities toward, or purposefully availed itself of the privileges of the forum state; (2) whether the plaintiff's claims arises out of or results from defendant's contacts; and (3) whether exercising personal jurisdiction is fair and reasonable." *Monkton*, 768 F.3d at 433. Establishing the first two prongs shifts the burden to the defendant to show that it would not be fair or reasonable to exercise personal jurisdiction over it. *Id.*

9.     The minimum contacts test is fact-intensive and focuses on "whether the defendant's conduct shows that it reasonably anticipates being haled into court [in the forum state]." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (internal citation omitted).

10.     The United States Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), set the latest standard for the sufficiency of pleadings, recognizing that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which its rests.'" The Court held that "*a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations*," but requires sufficient facts to demonstrate entitlement to relief above the speculative level. *Id.* (emphasis added).  In *Twombly*, the Court explained that allegations require factual pleadings which "raise a reasonable expectation that discovery will reveal evidence of [the cause of action]." *Id.* However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.*

11.     The Court further addressed the sufficiency of pleadings in *Iqbal v. Ashcroft*, 556 U.S. 662 (2009).  In *Iqbal*, the Supreme Court suggested that a court can begin its analysis of a

Rule 12(b)(6) motion by identifying conclusory pleadings not supported by factual allegations, and which are entitled to no presumptive benefit. *Id*. at 679. However, "[w]here there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

12.     While the Court's recent rulings in *Twombly* and *Iqbal* enacted a change in federal pleading standards (s*ee generally* Arthur R. Miller, *From* Conley *to* Twombly *to* Iqbal*: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1 (2010)), those cases do not represent a sea change in pleading practice. The net result of *Twombly* and *Iqbal* is to merely impose a requirement that a plaintiff supply a sufficient level of factual allegations that allows a judge—based on their "experience and common sense"—to conclude that a complaint presents a plausible claim for relief, after construing the facts in the light most favorable to the plaintiff. *See Iqbal*, 129 S. Ct. at 1950; *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011) (citations omitted) (noting that *Twombly* and *Iqbal* do not alter the longstanding standard of review).

13.     As the Fifth Circuit has noted in cases since *Twombly* and *Iqbal*, motions filed under Federal Rule Civil Procedure 12(b)(6) are still "*viewed with disfavor, and are rarely granted.*" *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (emphasis added) (quoting *Twombly*); *Harold H. Huggins Realty, Inc.*, 634 F.3d at 803 n.44 (citations omitted).

14.     Thus, post-*Twombly* and *Iqbal,* under Rule 12(b)(6), the basic standard of review remains unchanged—"[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a

legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* Furthermore, "*Iqbal* and *Twombly*'s emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc.*, 634 F.3d at 803 n.44.

**B.  Plaintiffs' First Amended Complaint makes a prima facie case that the Court has personal jurisdiction over Defendants.**

15.     Plaintiffs make a prima facie showing that the Court has specific personal jurisdiction over Defendants. Specifically, Plaintiffs' First Amended Complaint pleads that Deaconess is the parent corporation of Hands of Compassion Home Care, LLC and both have the same mailing address of 615 Elsinore Place, Suite 900, Cincinnati, Ohio 45202, which is set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report, and also on the deaconess-healthcare.com website. *See* Doc 17, ¶ 10; Exhibit 1, (Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report); Exhibit 2, (deaconess-healthcare.com website, page 3).

16.     Plaintiffs also make a prima facie showing that the Court has personal jurisdiction over Vahlberg. Specifically, Plaintiffs' First Amended Complaint pleads that Vahlberg is the CEO of Defendant Hands of Compassion Home Care, LLC, and that she shares a mailing address with Deaconess, which is set forth in Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report. *See* Doc 17, ¶ 11; Exhibit 1.

17.     Plaintiffs' Amended Complaint also pleads that Vahlberg is the self-declared owner and CEO of LifeSpring Home Health, Hospice, and Personal Services/LifeSpring In Home Care Network (presumably the assumed name for Defendant LifeSpring Home Care and

Hospice, LLC) as stated on her LinkedIn profile. *See* Doc 17, ¶ 11; Exhibit 3 (LinkedIn profile page for Karen Vahlberg).

18.     Plaintiffs also make a prima facie showing that the Court has personal jurisdiction over LifeSpring. "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment. The defendant is purposefully availing himself of 'the privilege of causing a consequence' in Texas." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999). Here, Plaintiffs plead that "LifeSpring Home Care" appears as the name of the employer on Plaintiffs' earnings statements (pay stubs) that Plaintiffs receive(d) every pay period. *See* Doc. 17, ¶ 9. Thus, as the employer listed on the pay stubs every month, LifeSpring has, and continues to, purposefully avail itself to Texas' jurisdiction. *See* Exhibit 4 (Pay Stubs for Castillo and Melendez).

19.     Simply claiming that Plaintiffs' allegations are "generalized" does not make them so, nor does it mean that Plaintiffs failed to carry their pleading burden. *See* Doc. 28 at 6. Rather, the specific facts pleaded in Plaintiffs' Amended Complaint—showing the joint and interwoven nature of the employment relationship between Defendants, and that Defendants' relationships and contacts with Texas are not merely a corporate function—satisfy Plaintiffs' pleading burden on making a prima facie showing that the Court has specific jurisdiction over Defendants, and Defendants' Motion to Dismiss under Rule 12(b)(2) should therefore be denied.

**C. Plaintiffs' First Amended Complaint adequately pleads facts showing Defendants are employers within the meaning of the Fair Labor Standards Act.**

20.     In deciding whether distinct entities are joint employers, courts consider "(1) the interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Willshire v. HK Mgmt.*, No. CIV.A. 3:04-CV-

0090B, 2004 WL 2974082, at *3 (N.D. Tex. Dec. 16, 2004) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983)).

21.     Plaintiffs' First Amended Complaint sufficiently pleads facts alleging that each Defendant is an employer within the meaning of the Fair Labor Standards Act. Specifically, Plaintiffs' Amended Complaint pleads that Defendants are joint employers of Plaintiffs as defined under the FLSA[1] and that as an economic reality, upon information and belief, each Defendant had the ability to hire or fire plaintiffs, supervise or control Plaintiffs' work schedules or conditions of employment to a substantial degree, determine Plaintiffs' rate and method of payment, and maintain Plaintiffs' employment records. *See* Doc. 17, ¶ 3.

22.     Defendants argue that Plaintiffs have a heavy burden to rebut a "presumption of institutional independence." Doc. 28 at 7. Not so. Plaintiffs have no such burden *at this stage*, and it would be impractical for a plaintiff to plead facts in support of the *Hargrave* factors at the complaint stage. *See* Doc. 28 at 7; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983).

23.     The specific allegations contained in Plaintiffs' First Amended Complaint, combined with the exhibits attached hereto, show that the Court has jurisdiction and that Defendants are joint employers. Accordingly, Plaintiffs request that the Court deny Defendants' Motion to Dismiss under 12(b)(2) and (6).

---

[1] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

## III.   CONCLUSION

24.      Because of the facts pleaded in Plaintiffs' Amended Complaint, and for the reasons set forth herein, Plaintiffs request that the Court deny in all respects Defendants' Motion to Dismiss.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

***ATTORNEYS FOR PLAINTIFFS AND THE FLSA COLLECTIVE***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, through the ECF system, and service was made to all counsel of record using the ECF system on the date of filing.

*/s/ Fernando M. Bustos*
Fernando M. Bustos

147228 C  180701
TX2022    05-102
Ver. 13.0  (Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),*

*Professional Associations (PA) and Financial Institutions*

2233450063017

■ **Tcode**  13196

■ **Taxpayer number**
10208009356

■ **Report year**
2022

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | HANDS OF COMPASSION HOME CARE, LLC | ■ | ■ Check box if the mailing address has changed. |
|---|---|---|---|

Mailing address  615 ELSINORE PLACE, STE 900

Secretary of State (SOS) file number or Comptroller file number

City  CINCINNATI     State  OH     ZIP code plus 4  452021434

☐ Check box if there are currently no changes from previous year. If no information is displayed, complete the applicable information in Sections A, B and C.

Principal office  615 ELSINORE PLACE, STE 900 CINCINNATI, OH 45202

Principal place of business  1030 ANDREWS HWY #203 MIDLAND, TX 79701

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!*

**This report must be signed to satisfy franchise tax requirements.**

1020800935622

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | |
|---|---|---|---|---|
| KAREN VAHLBERG | CEO | ☒ YES | Term expiration | m m d d y y |
| Mailing address  615 ELSINORE PLACE, STE 900 | City  CINCINNATI | | State  OH | ZIP Code  45202 |
| Name | Title | ☐ Director YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | ☐ Director YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| DEACONESS HEALTHCARE HOLDINGS, INC & SUBSIDIARIES | OH | N/A | 100.00 |

Registered agent and registered office currently on file (see instructions if you need to make changes)

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

Agent:

Office:     City     State     ZIP Code

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

sign here ▶  *Karen Vahlberg*     Title  CEO     Date  11/22/22     Area code and phone number  (513) 559-2656

**Texas Comptroller Official Use Only**

| VE/DE | ☐ | PIR IND | ☐ |
|---|---|---|---|

1019

Exhibit 1



# A Legacy of Caring.
# A Future of Service.

**The Deaconess legacy is one of compassionate care in the Christian tradition.** Founded in 1888 as the first general hospital in Cincinnati, Deaconess today is an independent, not-for-profit enterprise managing a portfolio in excess of $1 billion of diversified health services, programs, investments and community grant initiatives in Greater Cincinnati and across the country.

We seek new ways to improve people's health, while lowering costs through new delivery models and consumer education. We promote better outcomes by facilitating access to care, encouraging prevention, and supporting wellness initiatives. Our investments and programs reflect this philosophy.

Deaconess invests in healthcare opportunities and community programs that:

- Provide solutions for vulnerable populations
- Require fewer resources and more immediate care
- Fill voids in treatment and improve quality of life
- Involve alliances with other community providers who are committed to a similar mission and values

Exhibit 2

# Deaconess Foundation

## MAKING HEALTHCARE MORE ACCESSIBLE FOR THOSE IN NEED.

The Deaconess Foundation improves community health by investing in initiatives which provide healthcare access and education to at-risk populations and in underserved communities.

Learn More

# Deaconess Connections

## HELPING TO TRANSFORM HEALTHCARE DELIVERY.

Deaconess Connections engages companies committed to improving the quality of care and generating positive outcomes, with a collaborative, growth-oriented approach.

Learn More

615 Elsinore Place, Suite 900

Cincinnati, OH 45202

(513) 559-2111

Email Us

 

## Foundation

Grants

Grants Awarded

News

Staff

Contact Us

## Connections

Portfolio Companies

Investment Approach

Staff

Contact Us



© 2020 – 2024 Deaconess Association Incorporated

 

Home   My Network   Jobs   Messaging   Notifications   Me ▾   For Business ▾   Try Premium $0





## Karen Vahlberg · 3rd

Owner, LifeSpring Home Health, Hospice, and Personal Services

 LifeSpring In-Home Care Network

University of Oklahoma

Norman, Oklahoma, United States · Contact info

500+ connections

Message    + Follow    More

## Activity

775 followers

Posts    Comments


Karen Vahlberg reposted this • 4mo

Choosing the right home care company can be difficult.

Through the diversity of services offered, to our belief that c ...show more

❤️ 9


Karen Vahlberg reposted this • 4mo

Summit Home Care Lead Physical Therapist ,Doug Verhoff, PT, DPT packed the house today at Stone Oak Retirement Community as he discussed Fall Prevention. Doug has been an integral part o ...show more

 22                                    1 comment · 2 reposts


Karen Vahlberg reposted this • 4mo

Choosing the right home care company can be difficult.

Through the diversity of services offered, to our belief that c ...show more

🔵 5

Show all posts →

## Experience


LifeSpring In-Home Care Network
21 yrs 1 mo

Owner, CEO
May 2003 - Present · 20 yrs 9 mos
Norman, Oklahoma

Exhibit 3

**Chief Executive Officer**
2003 - Present · 21 yrs 1 mo

    download.gif

**Principal Consultant**
HMS Healthcare Management Solutions, Inc.
1997 - 2015 · 18 yrs

## Education



**University of Oklahoma**
BSN, BM, Nursing, Music
1977 - 1990

## Skills

**Customer Service**

 2 endorsements

**Elder Care**

8 endorsements

Show all 8 skills →

## Recommendations

Received    Given

 **Nat Christiansborg** · 3rd
INTRODUCING The "One-Stop" Social Media Platform. Login ONCE. Do
Facebook, Twitter, Instagram, TikTok, LinkedIn, SnapChat, Pinterest, WeChat.
All on ONE PLATFORM. NEVER BEFORE ONLINE.
June 5, 2015, Nat was Karen's client

Thank you Karen for the consulting help we received from your company,
HMS. Thanks to you and your staff, our company, Golden Age Hospice is
fast becoming one of the best Federal Medicare and State Medicaid-
Licensed Hospice Providers in the State of Oklahoma. Keep up the good
work and God Bless.

## Interests

Top Voices    Companies    Groups    Newsletters    Schools

**Richard Branson** in 3rd
Founder at Virgin Group
18,727,264 followers

( + Follow )

Ad •••

The ABA is the nation's largest voluntary legal association.

 

Enhance your legal proficiency with ABA Membership

[ Join the ABA ]

**People also viewed**

 **Cynthia Housman** · 3rd
Chief Human Resources Officer at LifeSpring In-Home Care Network

[ 👤+ Connect ]

**Trent Smith** · 3rd
CEO at Accentra Home Health and Hospice

[ + Follow ]

 **Vickie Macias** · 3rd
Executive Healthcare Recruiter, CompleteOk Home Health, Palliative & Hospice. President-Elect CMSA-Eastern OK

[ + Follow ]

 **Douglas Harrison, MBA** · 3rd
Chief Executive Officer | Healthcare | Home Health and Hospice | Strategy | FP&A

[ View profile ]

 **Valentine Umeh** · 3rd
Administrator/Owner at Ever Passionate Home Care

[ View profile ]

Show all

**People you may know**
From Karen's company

 **Lisa Treffinger**
--

[ 👤+ Connect ]

 **Landon Blankenship**
Hospice RN - Case Manager

[ 👤+ Connect ]

 **Joli Humes**
Medical Review Specialist RN at LifeSpring Home Care

[ 👤+ Connect ]

 **Debbie Chery MSW**
Master Social Worker & Certified Project Manager



**Tiffany Johnson**
Graphic Designer

Connect

Show all

**You might like**
Pages for you



**Supreme Court of Texas**
Administration of Justice
9,770 followers



27 connections follow this page

+ Follow



**U.S. District Courts**
Administration of Justice
62,778 followers



16 connections follow this page

+ Follow

Show all



AMA  000454  HMHERN          0000340008   1
Page  1(Con't  Next  Page)

LIFESPRING  HOME  CARE
2411  SPRINGER  DRIVE
NORMAN,  OK,  73069

# Earnings  Statement

| | |
|---|---|
| Period  Beginning: | 07/31/2023 |
| Period  Ending: | 08/13/2023 |
| Pay  Date: | 08/25/2023 |



Filing  Status:  Single/Married   filing  separately
Exemptions/Allowances:
     Federal:  Standard   Withholding   Table

**MARILYN   CASTILLO**

| Earnings | rate | hours | this  period | | year  to  date |
|---|---|---|---|---|---|
| Oncall | | | | | |
| Rn  Recert  Vis | | | | | |
| Rn  Roc  Visit | | | | | |
| Rn  Routine  Vis | | | | | |
| Rnsococvisi | | | | | |
| Weekend  Pay | | | | | |
| Regular | | | | | |
| Overtime | | | | | |
| Case  Confer | | | | | |
| Case  Mgmt | | | | | |
| Discharge | | | | | |
| Floating  Holida | | | | | |
| Inservice | | | | | |
| Paid  Time  Off | | | | | |
| Reimbursement | | | | | |
| Sign  On  Bonus | | | | | |
| Travel  Time | | | | | |
| **Gross  Pay** | | | | | |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Social  Security  Tax | | | |
| Medicare  Tax | | | |
| Federal  Income  Tax | | | |
| **Other** | | | |
| Dental | | | |
| Medical | | | |
| Vis | | | |

| Other | this  period | year  to  date |
|---|---|---|
| 401k | | |
| Cell  Phone  Sti | | |
| Child  Life  Ins | | |
| Insurance  Accid | | |
| Life  Insurance | | |
| Life  Insurnc  Sp | | |

| Adjustment | | |
|---|---|---|
| Cell  Phone  Sti | | |
| **Net  Pay** | | |
| Checking | | |
| **Net  Check** | | |

**\* Excluded  from  federal  taxable  wages**

Your  federal  taxable  wages  this  period  are

| Other  Benefits  and Information | this  period | total  to  date |
|---|---|---|
| 401K  Er  Match | | |
| Totl  Hrs  Worked | | |

**Important  Notes**
(405)  329-4545

BASIS  OF  PAY:  HOURLY

© 2000 ADP,  Inc.

LIFESPRING  HOME  CARE
2411  SPRINGER  DRIVE
NORMAN,  OK,  73069

| | |
|---|---|
| Advice  number: | **00000340008** |
| Pay  date: | 08/25/2023 |

Deposited   to  the  account   of
MARILYN   CASTILLO

| | account  number | transit  ABA | amount |
|---|---|---|---|
| | | xxxx  xxxx | |



Exhibit 4

**NON-NEGOTIABLE**



AMA   000454   HMHERN           0000340008      1
Page    2

**Earnings Statement**

LIFESPRING   HOME   CARE
2411 SPRINGER   DRIVE
NORMAN,  OK, 73069

Period  Beginning:        07/31/2023
Period  Ending:           08/13/2023
Pay  Date:                08/25/2023

MARILYN   CASTILLO

Filing Status:  Single/Married   filing separately
Exemptions/Allowances:
      Federal:  Standard  Withholding  Table

**Additional  Tax  Withholding  Information**
Exemptions/Allowances:
      TX:              No State  Income  Tax

© 2000  ADP,  Inc.

CONTINUED   FROM  PRIOR  PAGE
YOUR  VOUCHER   IS PROVIDED   ON PAGE  1

THIS IS NOT A CHECK

**NON-NEGOTIABLE**



# Earnings Statement

LIFESPRING HOME CARE
2411 SPRINGER DRIVE
NORMAN, OK, 73069

| | |
|---|---|
| Period Beginning: | 08/14/2023 |
| Period Ending: | 08/27/2023 |
| Pay Date: | 09/08/2023 |

**MELANIE MELENDEZ**

Filing Status: Single/Married filing separately
Exemptions/Allowances:
    Federal: Standard Withholding Table



## Earnings

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| After Hours | | | | |
| Case Mgmt | | | | |
| Discharge | | | | |
| Rn Recert Vis | | | | |
| Rn Routine Vis | | | | |
| Rnsococvisi | | | | |
| Weekend Pay | | | | |
| Overtime | | | | |
| Case Confer | | | | |
| Floating Holida | | | | |
| Inservice | | | | |
| Oncall | | | | |
| Paid Time Off | | | | |
| Rn Roc Visit | | | | |
| Sign On Bonus | | | | |
| **Gross Pay** | | | | |

## Deductions

**Statutory**

Federal Income Tax
Social Security Tax
Medicare Tax

**Other**

Child Life Ins
Dental
Insurance Accid
Life Insurance
Medical

## Other

| | this period | year to date |
|---|---|---|
| Vis | | |
| 401k | | |
| Cell Phone Sti | | |
| Mileage | | |

**Adjustment**

Cell Phone Sti

**Net Pay**

Checking

**Net Check**

\* Excluded from federal taxable wages

Your federal taxable wages this period are

## Other Benefits and Information

| | this period | total to date |
|---|---|---|
| 401K Er Match | | |
| Totl Hrs Worked | | |

## Important Notes

(405) 329-4545

BASIS OF PAY: HOURLY

© 2000 ADP, Inc.

LIFESPRING HOME CARE
2411 SPRINGER DRIVE
NORMAN, OK, 73069

| | |
|---|---|
| Advice number: | 00000360009 |
| Pay date: | 09/08/2023 |



Deposited to the account of      account number    transit ABA      amount
MELANIE MELENDEZ           xxxx xxxx

**NON-NEGOTIABLE**



**Earnings Statement**

AMA   000437   HMHERN           0000360009   1
Page   2

*LIFESPRING   HOME   CARE*
*2411 SPRINGER   DRIVE*
*NORMAN,   OK, 73069*

Period  Beginning:      08/14/2023
Period  Ending:         08/27/2023
Pay  Date:              09/08/2023

**MELANIE   MELENDEZ**

Filing  Status:  Single/Married   filing  separately
Exemptions/Allowances:
    Federal:  Standard   Withholding   Table

**Additional  Tax  Withholding  Information**

Exemptions/Allowances:
    TX:                No  State  Income  Tax

© 2000 ADP, Inc.

## CONTINUED   FROM  PRIOR  PAGE
## YOUR   VOUCHER   IS  PROVIDED   ON  PAGE  1

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO,<br>MELANIE MELENDEZ, and all others<br>similarly situated under 29 USC § 216(b), | §<br>§<br>§<br>§ | **Exhibit 5** |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | CASE NO. 7:23-CV-00168<br>JURY DEMANDED |
| HANDS OF COMPASSION HOME CARE,<br>LLC, LIFESPRING HOME CARE AND<br>HOSPICE, LLC, DEACONESS<br>HEALTHCARE HOLDINGS, INC. and<br>KAREN VAHLBERG, | §<br>§<br>§<br>§<br>§<br>§ | Collective Action pursuant to<br>29 U.S.C. § 216(b) |
| *Defendants.* | §<br>§ | |

## AFFIDAVIT OF BRANDON C. CALLAHAN IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**STATE OF TEXAS**           §
                             §
**COUNTY OF LUBBOCK**   §

BEFORE ME, the undersigned authority, on this day personally appeared BRANDON C. CALLAHAN, who, being by me duly sworn on his oath, deposed as follows:

1.    "My name is BRANDON C. CALLAHAN. I reside in Lubbock County, Texas. I am over the age of 18, of sound mind; have never been convicted of any crime involving moral turpitude; and have personal knowledge of the following facts. I am fully competent to make this Affidavit. I am licensed to practice law in the State of Texas and my Texas Bar number is 24096175. My business address is 1001 Main Street, Suite 501, Lubbock, Texas 79401.  I am an attorney representing Plaintiffs in the above-styled and numbered cause. I declare under penalty of perjury that the following is true and correct.

2.    "Attached as Exhibit 1 to this affidavit is a true and correct copy of Hands of Compassion Home Care, LLC's 2022 Texas Franchise Tax Public Information Report as published on the Texas Secretary of State's website;

3.    "Attached as Exhibit 2 to this affidavit is a true and correct copy of Deaconess Association Incorporated's website (deaconess-healthcare.com website, page 3);

4.    "Attached as Exhibit 3 to this affidavit is a true and correct copy of the LinkedIn profile page for Defendant Karen Vahlberg.

5.      "Attached as Exhibit 4 to this affidavit are true and correct copies of the Earnings Statements ("paystubs") for Marilyn Castillo dated August 25, 2023 and Melanie Melendez dated September 8, 2023.

"Further, affiant sayeth not."

BRANDON C. CALLAHAN

SUBSCRIBED AND SWORN TO before me on this 16th day of February, 2024.

ZebbeDee Hernandez
Notary Public, State of Texas
Notary ID# 840698-6
My Commission Expires 03-14-2024

Notary Public, State of Texas