UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO and MELANIE MELENDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> HANDS OF COMPASSION HOME CARE, LLC, LIFESPRING HOME CARE AND HOSPICE, LLC, DEACONESS HEALTHCARE HOLDINGS, INC., and KAREN VAHLBERG, <br><br> Defendant. | Case No. 7:23-CV-00168 <br><br> District Judge Counts <br><br> Magistrate Judge Griffin |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Hands of Compassion does business in Texas and employs or employed Plaintiffs. As such, it is the proper Defendant in this action. Hands of Compassion acknowledged this by filing an answer rather than moving to dismiss.

But Plaintiffs' attempt to drag into this lawsuit various corporate parents and a former Hands of Compassion officer is improper and unsupported. Their response to the non-resident Defendants' motion to dismiss fails to acknowledge many of the arguments included and caselaw cited in Defendants' opening brief. Plaintiffs cannot meet their burden to show that personal jurisdiction over any of the non-resident Defendants is proper. And their bare, conclusory allegations that the non-resident Defendants are their joint employers—in addition to Hands of Compassion—fail to satisfy federal pleading standards. Accordingly, the Court should grant the non-resident Defendants' motion, dismiss the claims against them, and allow this case to proceed as between Plaintiffs and the entity that actually employed them.

**I.      Plaintiffs fail to make a prima facie showing that personal jurisdiction over the non-resident Defendants is proper.**

Defendants' opening brief explains that the Court should reject the amended complaint's allegations that "improperly lump[ ] together all Defendants," *Cunningham v. Velstar, Inc.*, No. 4:21-CV-00127-ALM-CAN, 2022 WL 483193, at *5 (E.D. Tex. Jan. 26, 2022), because "[p]ersonal jurisdiction must be established as against *each individual defendant*, even when the corporations are related," *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 602 n.3 (S.D. Tex. 2023) (emphasis added). (*See* D.E. 28 at 3, 6.) Plaintiffs' only response is to assert that "[s]imply claiming that Plaintiffs' allegations are 'generalized' does not make them so, nor does it mean that Plaintiffs failed to carry their pleading burden." (D.E. 32 at 6.) But Plaintiffs make no attempt to respond to the caselaw cited by Defendants to support their argument that Plaintiffs' allegations are both generalized and insufficient to carry their burden here. (*See* D.E. 28 at 6.)

As for the allegations specific to each non-resident Defendant, Plaintiffs do not argue that general personal jurisdiction exists and fail to show that specific personal jurisdiction is proper for any of them.

**A.      Deaconess**

Plaintiffs repeat their assertion that the Court may exercise specific personal jurisdiction over Deaconess simply because it is an indirect parent of Hands of Compassion and shares a mailing address in Cincinnati with Hands of Compassion. (D.E. 32 at 5; *see* D.E. 18 at 4.) Plaintiffs cite no authority to support this position. As explained in Defendants' opening brief, Plaintiffs fail to make the specific showings necessary to overcome the "presumption of corporate separateness" and fuse Deaconess and Hands of Compassion for jurisdictional purposes. (*See* D.E. 28 at 7.) As a result, the mere fact that Deaconess is an indirect parent of Hands of Compassion does not support

personal jurisdiction.

Plaintiffs respond by arguing that they "have no such burden at this stage," but Plaintiffs are incorrect.[1] (D.E. 32 at 7 (emphasis omitted).) Plaintiffs bear the burden of establishing the district court's jurisdiction over nonresidents and must present a prima facie case that personal jurisdiction is proper. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). They fail to do so.

### B.     LifeSpring

Plaintiffs argue that LifeSpring has sufficient minimum contacts with Texas to support personal jurisdiction because the phrase "'LifeSpring Home Care' appears as the name of the employer on Plaintiffs' earnings statements (pay stubs) that Plaintiffs receive(d) every pay period." (D.E. 32 at 6.) First, that is not entirely accurate. The word "employer" does not appear once on the earnings statement submitted by Plaintiffs. (*See id.* at 17–20.) "LifeSpring Home Care" — not LifeSpring Home Care and Hospice LLC — appears unadorned with an Oklahoma address.

Second, the only case they cite in support of this argument, *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999), is readily distinguishable. Plaintiffs admit that *Wien Air* involved intentional, tortious actions directed toward the plaintiff in Texas. (*See* D.E. 32 at 6.) Specifically, the defendant sent "letters, faxes, and phone calls to Texas … whose contents contained fraudulent misrepresentations and promises and whose contents failed to disclose material information." *Wien Air*, 195 F.3d at 212. The Fifth Circuit found personal jurisdiction was proper based on the case's similarity to *Calder v. Jones*, 465 U.S. 783 (1984), in which the Supreme Court upheld the exercise

---

[1] Plaintiffs appear to misread Defendants' opening brief as arguing the *Hargrave* factors apply in the context of Defendants' Rule 12(b)(6) argument regarding joint employment. Defendants instead argue that the *Hargrave* factors apply in the context of their Rule 12(b)(2) argument for dismissal for lack of personal jurisdiction. (*See* D.E. 28 at 7, 9.)

3

of jurisdiction over a journalist who wrote a defamatory article in Florida that he knew would affect the plaintiff's reputation in California. *Wien Air*, 195 F.3d at 211–12.

By contrast, this case does not involve intentional, tortious conduct. "It is well settled that an action under the FLSA, in and of itself, is not based upon a tort or tort type right." *Ramey v. Comm'r*, No. 1776-00S, 2001 WL 1922756, at *3 (T.C. Sept. 26, 2001). And there is no indication that LifeSpring engaged in any overt act to reach into Texas. The pay statement was created and issued within ADP, a third-party payroll, human resources, and tax services vendor. (*See* D.E. 32 at 17–20 (ADP logo on the top right corner of each page).) It is unclear who or what entity used ADP to generate the pay statement on which "LifeSpring Home Care" appears.

A more apt case is *Arce v. ARAMARK Corp.*, 239 F. Supp. 2d 153 (D.P.R. 2003), in which a federal district court found it lacked personal jurisdiction over ARAMARK Corp.—a parent of the plaintiffs' actual employer, ARAMARK Services of Puerto Rico, Inc.—even though the former's name appeared on the plaintiffs' pay statements, stationery, a newspaper ad, an introduction in the employee handbook, and letters from certain corporate officers. *Id.* at 170–71. This is much more evidence than Plaintiffs have presented here. Regarding the pay stubs, the court found:

> The pay stub presented by the plaintiffs was sent by ARAMARK Corporation in Philadelphia, Pennsylvania to ARAMARK Services of Puerto Rico, Inc.'s employee. The undisputed evidence in the record shows that ARAMARK Corporation and ARAMARK Services of Puerto Rico, Inc. operate independently and that their finances are not intermingled. It is also uncontested that ARAMARK Corporation has no employees in Puerto Rico and that the salaries of the employees of ARAMARK Services of Puerto Rico, Inc. are paid from its bank account with Banco Popular in Puerto Rico. The plaintiffs have not contested these facts in any way. Therefore, the pay statements cannot move this Court to exercise personal jurisdiction over ARAMARK Corporation.

*Id.* at 172 (footnote omitted).

As discussed in Defendants' opening brief, Plaintiffs fail to rebut the presumption of

4

corporate separateness between Hands of Compassion and LifeSpring, which involves analysis of factors similar to those discussed by the court in *Arce*. (*See* D.E. 28 at 9–10.) Plaintiffs point to no other evidence to support their contention that personal jurisdiction may be exercised over LifeSpring. (*See* D.E. 32 at 6.) This lack of evidence compels the same outcome as in *Arce*: dismissing the non-resident corporate parent for lack of personal jurisdiction.[2]

### C.    Vahlberg

Plaintiffs also repeat their argument that the Court may exercise specific personal jurisdiction over Vahlberg simply because she is the CEO of Hands of Compassion and LifeSpring, has an ownership stake in LifeSpring, and shares a mailing address in Cincinnati with Hands of Compassion (and she is not currently an owner or executive of either LifeSpring or Hands of Compassion). (D.E. 32 at 5–6; *see* D.E. 18 at 4–5; D.E. 28 at 11 n.4.) Plaintiffs fail to acknowledge the caselaw discussed by Defendants requiring evidence that Ms. Vahlberg exercised a greater degree of control over Hands of Compassion than is normally associated with ownership of a closely-held corporation in order to attribute to her Hands of Compassion's contacts with Texas. (*See* D.E. 28 at 11.) They offer no evidence or even allegations that would satisfy this requirement. That the same person is CEO of two related business entities does not suffice and is not even an enumerated factor in this analysis. (*See id.* at 12.) As a result, Plaintiffs fail to meet their burden to show personal jurisdiction over Vahlberg is proper.

---

[2] Relatedly, if Plaintiffs were to attempt to bring out-of-state claimants into this action, the Court would lack personal jurisdiction over their claims pursuant to the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Super. Court of Cal.*, 137 S. Ct. 1773 (2017). *See Adams v. Absolute Consulting, Inc.*, No. 6:20-CV-01099-ADA-DTG, 2023 WL 3138043, at *6–7 (W.D. Tex. Apr. 27, 2023) (report and recommendation) (dismissing out-of-state plaintiffs' FLSA claims pursuant to *Bristol-Myers*), *adopted*, 2023 WL 3874326 (W.D. Tex. June 7, 2023).

**II.     Plaintiffs' vague allegations fail to plausibly allege joint employment.**

Plaintiffs seem to agree that the economic realities test is the proper framework for analyzing whether they have sufficiently pleaded that Deaconess, LifeSpring, and Vahlberg were all Plaintiffs' employers in addition to Hands of Compassion. (*See* D.E. 32 at 7.) Plaintiffs do not directly respond to Defendants' argument that simply reciting the elements of this test nearly verbatim is not enough to plausibly allege joint employment under Federal Rule of Civil Procedure 8. Plaintiffs offer no allegations of specific action by any single Defendant. And they fail to acknowledge or attempt to distinguish the caselaw cited by Defendants in support of their argument. (*See* D.E. 28 at 15.) Accordingly, the Court should dismiss Plaintiffs' claims against the non-resident Defendants pursuant to Rule 12(b)(6).

**III.    Conclusion**

For the reasons discussed above and in Defendants' opening brief, the motion to dismiss should be granted.

Date: February 23, 2024                                Respectfully submitted,

DEACONESS HEALTHCARE
HOLDINGS, INC., LIFESPRING HOME
CARE AND HOSPICE, LLC, and KAREN
VAHLBERG

/s/ *Andrew S. Murphy*
Andrew S. Murphy (#24080244)
Benjamin S. Morrell (TN BPR No. 035480)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011
amurphy@taftlaw.com
bmorrell@taftlaw.com

        Layne Rouse (#24066007)
        SHAFER, DAVIS, O'LEARY & STOKER
        700 N. Grant, Ste. 201 (79761)
        P.O. Drawer 1552
        Odessa, TX 79760-1552
        (432) 332-0893
        Fax: (432) 333-5002
        lrouse@shaferfirm.com

        *Counsel for Defendants Deaconess*
        *Healthcare Holdings, Inc., LifeSpring Home*
        *Care and Hospice, LLC, and Vahlberg*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: February 23, 2024

*/s/ Andrew S. Murphy*
Andrew S. Murphy

*Counsel for Defendants Deaconess Healthcare Holdings, Inc., LifeSpring Home Care and Hospice, LLC, and Vahlberg*