# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MARILYN CASTILLO, AND MELANIE MELENDEZ,** *Plaintiffs,* | § § § § | |
| | § | **MO:23-CV-00168-DC** |
| v. | § § | |
| **HANDS OF COMPASSION HOME CARE, LLC, DEACONESS HEALTHCARE HOLDINGS, INC., KAREN VAHLBERG, LIFESPRING HOME CARE AND HOSPICE, LLC,** *Defendants.* | § § § § § § § § | |

## **ORDER**

Defendant Hands of Compassion Home Care, LLC is a home healthcare provider, providing in-home medical care for patients in several counties surrounding the Midland/Odessa area. Plaintiffs Marilyn Castill and Melanie Melendez worked for Hands of Compassion as registered nurses.[1] And during their employment, Plaintiffs believe they were not paid overtime wages for hours worked over 40 hours per week as required by law. Thus, in October 2023, Plaintiffs sued Hands of Compassion, Deaconess Healthcare Holdings, Inc, LifeSpring Home Care and Hospice, LLC, and Karen Vahlberg for unpaid overtime wages under the Fair Labor Standards Act.

Hands of Compassion, a Texas LLC, answered Plaintiffs' Amended Complaint, having no qualms with jurisdiction. But Deaconess, an Ohio corporation, LifeSpring, an Oklahoma LLC, and Vahlberg, an Oklahoma resident who is also the CEO of Hands of

---

[1] Plaintiff Melendez is still employed with Hands of Compassion, while Plaintiff Castillo is not, working for the company until August 2023.

Compassion and LifeSpring, ("Defendants") have moved to dismiss Plaintiffs' case against them, arguing that this Court lacks personal jurisdiction over them, and that Plaintiffs have failed to state a plausible claim for relief. After revieing Defendants' motion to dismiss, the corresponding briefing, and the entire record, the Court will grant Defendants' motion.

## LEGAL STANDARD

### I. Motion to dismiss for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss claims against a defendant who is not subject to the court's personal jurisdiction. Under 28 U.S.C. § 1332(a), a federal court may exercise jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction conforms with the due process guarantees of the United States Constitution.[2] Because the Texas long-arm statute extends jurisdiction "as far as the federal constitutional requirements of due process will permit," federal courts sitting in Texas need only consider the second step of the analysis.[3]

The Fifth Amendment's Due Process Clause permits a federal court to exercise personal jurisdiction over a nonresident defendant if that defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[4]

---

[2] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000).
[3] *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (quoting *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).
[4] *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 233, 235 (5th Cir. 2022).

The plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident defendant.[5] But when a court rules on the issue without a full evidentiary hearing, a plaintiff need only make a prima facie showing.[6] And if the plaintiff does so, the burden shifts to the nonresident defendant to prove that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.[7]

## II.     Motion to dismiss for failure to state a claim.

Under Rule 12(b)(6) of Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[8] "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[9] In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

---

[5] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).
[6] *Id.*
[7] *Id.*
[8] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[11] *Id.*

3

of action, supported by mere conclusory statements, do not suffice."[12] A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim."[14] But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.[15] "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[16]

## DISCUSSION

### I. Does this Court have personal jurisdiction over any of the Defendants?

Starting with Defendants' 12(b)(2) motion, personal jurisdiction comes in two types: general and specific. General jurisdiction is not in dispute; the issues here revolve around specific jurisdiction.[17] Under the Fifth Circuit's three-step inquiry, a court may exercise specific jurisdiction over a nonresident defendant when:

> (1) the defendant "purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there";
>
> (2) "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts"; and

---

[12] *Id.*
[13] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).
[14] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).
[15] *Dorsey,* 540 F.3d at 338.
[16] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).
[17] It's undisputed that all the moving Defendants are incorporated in, or residents of, other states.

(3) exercising personal jurisdiction over the defendant "is fair and reasonable."[18]

These three factors stem from a value that a nonresident defendant have "'fair warning'—knowledge that 'a particular activity may subject [it] to the jurisdiction of a foreign sovereign.'"[19]

The Court's first question then, is whether any of the Defendants "purposely directed their activities toward the forum state or purposely availed themselves of the privileges of conducting activities there." In other words, could any of the Defendants have "'reasonably anticipate[ed] being haled into court' in Texas" based on its actions.[20]

Generally, this means a nonresident defendant's direct, individual acts establish specific jurisdiction. But when dealing with related entities—as Deaconess and LifeSpring are alleged to be—a court can also establish specific jurisdiction through an alter-ego theory.[21] For example, a subsidiary's activity can be imputed to a nonresident parent company if the parent exercises sufficient control over the subsidiary's operations.[22] Yet for all Defendants, Plaintiffs' evidence for the first step in the inquiry under either theory is strikingly sparse.

### A. Plaintiffs do not make a prima facie showing that Deaconess purposefully directed its activities toward Texas.

Starting first with Deaconess, Plaintiff claims this Court has personal jurisdiction over this nonresident company because (1) Deaconess is Hands of Compassion's parent

---

[18] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008) (using these three factors to establish whether a defendant had the constitutionally required "minimum contacts" with the forum state).
[19] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).
[20] *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).
[21] *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 337–339 (5th Cir. 1999) (analyzing personal jurisdiction over a nonresident company through direct acts and alter-ego theory).
[22] *Id.*

company, and (2) both companies share the same mailing address in Cincinnati, Ohio.[23] That's it; Plaintiffs provide no other evidence or even law to support their assertion that those two facts mean anything.

Plaintiff, in their legal research, should have uncovered the Fifth Circuit's clear admonition that "the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent."[24] Indeed, "so long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other."[25] And Plaintiffs provide zero evidence showing otherwise.[26]

What's more, the Court is unsure why evidence that a resident and nonresident company share a mailing address—when that mailing address is in Ohio—provides any support for personal jurisdiction *in Texas*. Plaintiffs again provide no legal support. And without more evidence or any legal support, Plaintiffs fall far short of showing that Deaconess "purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there."[27] Thus, Plaintiffs have not met their prima facie burden, meaning this Court does not have personal jurisdiction over Deaconess.

---

[23] Doc. 32 at 5.
[24] *Hargrave v. Fibreboard Corp*, 710 F.2d 1154, 1160 (5th Cir. 1983).
[25] *Id.* at 1160.
[26] It's shocking Plaintiffs didn't cite any law or even engage with the related entities test laid out by the Fifth Circuit in *Hargrave*, especially because all that law was available in Defendants' motion to dismiss. Plaintiffs instead viewed *Hargrave* something necessary under a 12(b)(6) analysis. That is incorrect.
[27] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008)

### B. Plaintiffs do not make a prima facie showing that LifeSpring purposefully directed its activities toward Texas.

Moving next to LifeSpring, Plaintiffs fair only a little better. The same allegation that LifeSpring is Hands of Compassion's parent company is just as persuasive for the Court's personal jurisdiction analysis for LifeSpring as it is for Deaconess. Which is to say not at all.[28] Likewise, only facts alleged against LifeSpring specifically—not the collective "Defendants" Plaintiffs use—can be used to establish personal jurisdiction.[29]

Plaintiffs do, however, allege that LifeSpring's name appears as "LifeSpring Home Care" on Plaintiffs' pay stubs, which they believe shows LifeSpring purposefully availing itself to the privileges of conducting activities in Texas.[30] Plaintiffs cite the Fifth Circuit's opinion in *Wien Air Alaska, Inc. v. Brandt* to support that argument, quoting "'[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.'"[31]

The first problem is that having the name "LifeSpring Home Care" appear on a paystub is not content that "gives rise to intentional tort causes of action." Indeed, as the *Wien Air* court makes clear, it is "the tortious nature of the directed activity [that] constitutes

---

[28] *See Hargrave*, 710 F.2d at 1160 ("[T]he mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent.")
[29] *See Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 Fed. Appx. 281, 284 (5th Cir. 2019) (per curiam) (unpublished) ("Head's vague and generalized assertion that the Casino Defendants sent jets to Texas an undetermined number of times to transport her husband to Las Vegas does not comport with applicable caselaw that requires plaintiffs to submit evidence supporting personal jurisdiction over each defendant without grouping them together.") (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.")).
[30] Doc. 32 at 6.
[31] *Id.* (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999)).

purposeful availment," thus giving rise to personal jurisdiction.[32] And there's no tortious conduct alleged here.

Yet the name "LifeSpring Home Care" does appear on Plaintiffs' paystubs, and they have alleged "LifeSpring Home Care" refers to LifeSpring. What's more, showing related entities failed to "maintain separate accounting systems" is one of the seven factors in *Hargrave*'s personal jurisdiction test for related entities.[33] But Plaintiffs fail to provide evidence for any of the other factors.

The lack of evidence for the other factors is debilitating to Plaintiffs' prima facie case. Indeed, Plaintiffs would not have to go far to see that more than a few (much less one) of the *Hargrave* factors is necessary for personal jurisdiction because the reasoning from *Hargrave* itself states that "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."[34] So if only meeting two factors is not enough, meeting just one is similarly lacking. Accordingly, Plaintiffs have not met their prima facie burden in showing that this Court has personal jurisdiction over LifeSpring.

### C. Plaintiffs do not make a prima facie showing that Vahlberg has purposefully directed her activities toward Texas.

Lastly, for Vahlberg, Plaintiffs argue this Court can exercise personal jurisdiction over her because she is the CEO of Hands of Compassion.[35] But simply being the CEO of a

---

[32] *Wien Air Alaska, Inc.*, 195 F.3d at 213.
[33] *Hargrave*, 710 F.2d at 1160
[34] *Id.*
[35] Doc. 32 at 5–6. Plaintiffs' other arguments—that Vahlberg is CEO of LifeSpring (who the Court doesn't have personal jurisdiction over) and that she shares a mailing address in Ohio with Deaconess, who shares that address with Hands of Compassion—not backed by any new evidence or analysis on issues already covered by the Court.

8

Texas entity does not mean this Court has personal jurisdiction over Vahlberg, who even Plaintiffs allege is domiciled in Oklahoma.[36] Indeed, under the fiduciary-shield doctrine, courts are prohibited "from exercising personal jurisdiction over an individual whose only actions in the forum state were taken in the individual's capacity as a corporate representative—even if the court has personal jurisdiction over the corporation itself."[37] Only if a plaintiff alleges the corporate representative (1) individually participated in the unlawful conduct and (2) had personal interest in the unlawful conduct can a court exercise personal jurisdiction.[38]

Here, Plaintiffs don't allege any acts committed by Vahlberg, only that she apparently "existed" in a CEO role. That's clearly not enough; this Court can't even analyze whether Vahlberg potentially acted as a corporate representative or because Plaintiffs' allegations are so lackluster. Accordingly, Plaintiffs have not established a prima facie case for personal jurisdiction over Vahlberg.

## CONCLUSION

In short, Plaintiffs' Amended Complaint and response to Defendants' motion provide nothing that even comes close to establishing a prima facie case of personal jurisdiction over Deaconess, LifeSpring, and Vahlberg.

---

[36] Doc. 17 at 4.
[37] *Greathouse v. Capital Plus Fin. LLC*, No. 4:22-CV-0686-P, 2023 WL 5759250, *6 (N.D. Tex. Sept. 6, 2023) citing *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985)).
[38] *Id.*

It is therefore **ORDERED** that Defendants' Motion to Dismiss be **GRANTED** for lack of personal jurisdiction and Plaintiffs' claims against Defendants Deaconess Healthcare Holdings, Inc., LifeSpring Home Care and Hospice, LLC, and Karen Vahlberg be **DISMISSED** without prejudice.[39] (Doc. 28).

It is so **ORDERED**.

SIGNED this 1st day of March, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[39] Because the Court lacks personal jurisdiction over the moving Defendants, it need not analyze whether dismissal is also proper under Rule 12(b)(6).