IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARILYN CASTILLO, MELANIE MELENDEZ, BRITTANY ARMENDARIZ, and ESMERALDA ABALOS, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 7:23-CV-00168 |
| | § | JURY DEMANDED |
| HANDS OF COMPASSION HOME CARE, LLC, | § § § § | |
| *Defendant*. | § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Marilyn Castillo ("Castillo"), Melanie Melendez ("Melendez"), Brittany Armendariz ("Armendariz"), and Esmeralda Abalos ("Abalos") (collectively referred to as "Plaintiffs"), bringing this lawsuit against Defendant Hands of Compassion Home Care, LLC, ("Defendant") for failing to pay Plaintiffs' overtime pay for all hours worked over forty during each workweek as required by the Fair Labor Standards Act ("FLSA"). In support thereof, Plaintiffs allege as follows:

### I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, (the "FLSA") seeking damages for Defendant' failure to pay Plaintiffs' overtime pay for all hours worked over forty during each workweek.

2. Plaintiffs work(ed) for Defendant as Registered Nurses ("RNs") and/or Licensed Vocational Nurses ("LVNs"). Plaintiffs' primary duties included the provision of nursing care to

Defendant's patients at the patients' place of residence. Defendant paid Plaintiffs a piece rate which varied based on the type of services performed. Despite Plaintiffs being paid on a piece rate basis, they consistently worked more than forty hours in a week and were not paid overtime compensation.

3. Defendant is the employer of Plaintiffs as defined under the FLSA and as an economic reality. Specifically, upon information and belief, Defendant had the ability to hire or fire Plaintiffs, supervise or control Plaintiffs' work schedules or conditions of employment to a substantial degree, determine Plaintiffs' rate and method of payment, and maintain Plaintiffs' employment records.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiffs file this lawsuit as employees who work(ed) for Defendant on a piece rate basis and were not paid overtime compensation for all hours worked over forty in each workweek for the time period of three years preceding the filing of this lawsuit and forward.

5. Plaintiffs seek all damages available under the FLSA, including three years of back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II.   PARTIES

6. Plaintiff Marilyn Castillo is an individual citizen of the State of Texas and was employed by Defendant as an RN to work in Midland, Texas, and the surrounding cities, on or about March 2022 through August 2023.

7. Plaintiff Melanie Melendez is an individual citizen of the State of Texas and is employed by Defendant as an RN to work in Midland, Texas, and the surrounding cities, and began working for Defendant on or about May 2021 through the present.

8. Plaintiff Brittany Armendariz is an individual citizen of the State of Texas and is employed by Defendant to work in Midland, Texas, and the surrounding cities, and began working for Defendant as an LVN on or about September 2020 through February 2024.

9. Plaintiff Esmeralda Abalos is an individual citizen of the State of Texas and is employed by Defendant as an LVN to work in Midland, Texas, and the surrounding cities, and began working for Defendant on or about November 2023 through February 2024.

10. Defendant Hands of Compassion Home Care, LLC is a is a limited liability corporation organized under the laws of the State of Texas, with its principal place of business at 1030 Andrews Highway 203, Midland, Texas 79701. Its registered agent is Capitol Services, Inc., which can be served with process at 1501 S. Mopac Expy., Ste 220, Austin, Texas 78746. Defendant Hands of Compassion Home Care, LLC is the employer entity that appears on Plaintiffs' 2022 IRS Form W-2.

11. During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

12. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

13. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

14. Defendant is/was Plaintiffs' employer.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold, or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

16. At all times relevant to this lawsuit, Defendant had annual gross sales or business volume in excess of $500,000.

17. At all times relevant to this lawsuit, Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a).

### III.   JURISDICTION & VENUE

18. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

19. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Division.

### IV.   FACTS

20. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

21. Defendant provides home health services to its patients living in West Texas. Defendant employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Marilyn Castillo was employed from 2022 to 2023 as an RN, Melanie Melendez was employed from 2021 to the present as an RN, Brittany Armendariz was employed from 2020 to 2024 as an LVN, and Esmeralda Abalos was employed from 2023 to 2024 as an LVN.

22. Plaintiffs' primary duties were to provide nursing care to Defendant's patients in their homes.

23. Defendant maintained control, oversight, and direction over its operations, including employment practices.

24. Defendant maintained and exercised the power to hire, fire, and discipline Plaintiffs.

25. Plaintiffs were required to comply with Defendant's policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendant.

26. Defendant paid Plaintiffs varying amounts based upon what type of visit and nursing services they provided to a patient at the patient's residence. Certain visits and nursing services resulted in higher pay than others. Importantly, Defendant did not keep track of the time it took Plaintiffs to complete their visits to patients, but rather, assigned arbitrary and inaccurate amounts of time to each type of nursing activity. Thus, the number of hours reported on Plaintiffs' pay stubs are not an accurate representation of the number of hours Plaintiffs worked.

27. Although Defendant paid Plaintiffs a piece rate for each visit that Plaintiffs performed, Plaintiffs nevertheless worked more than forty hours per week.

28. Each day, in addition to performing their visits to patients at the patients' residences (for which they were paid a piece rate for each visit), Plaintiffs were required to travel from patient to patient, and also required to work many hours at home completing the charting for the day's visits. Plaintiffs were not able to report to Defendant their travel time or the time they worked doing charting. If the Plaintiffs were ever able to report travel and time spent charting, the time was not recorded for purposes of time keeping and overtime calculation. Plaintiffs were not paid a piece rate or hourly rate for their traveling and charting time.

29. The combination of time spent visiting patients, traveling between patients' residences, and completing charting activities for all of their visits resulted in Plaintiffs working more than forty hours per week. Because Plaintiffs worked more than forty hours per week, they are entitled to overtime pay.

30. Defendant did not record how many hours Plaintiffs worked and did not pay Plaintiffs' overtime for working more than forty hours per week.

31. Because Plaintiffs are not paid a salary, they are non-exempt employees and entitled to overtime pay.

## V. FLSA CLAIM FOR OVERTIME PAY

32. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

33. At all relevant times, Defendant was Plaintiffs' employer under the FLSA and were engaged in commerce under the FLSA.

34. Plaintiffs were not exempt from overtime under the FLSA and were paid on a piece rate basis.

35. Plaintiffs worked more than forty hours per workweek for Defendant but were not paid overtime for all hours worked over forty in each workweek.

36. Defendant violated the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5 by failing to maintain records which accurately show the total hours worked by Plaintiff on a daily and weekly basis.

37. Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs were performing unpaid and off the clock work, working more than forty hours per week, and were not paying overtime pay for all hours worked over forty during each workweek. Accordingly, Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendant' willful conduct. 29 U.S.C. § 255(a).

38. Plaintiffs seek all damages available at law for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. JURY DEMAND

39. Plaintiffs demand a jury trial on all issues.

## VII. PRAYER

40. For these reasons, Plaintiffs ask that the Court issue summonses for Defendant to appear and answer, and that Plaintiffs be awarded judgment against Defendant for the following:

    a. All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

    b. All other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Fernando M. Bustos
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties filed a Joint Status Report on April 23, 2024 in this matter stating to the Court that Plaintiffs will file a Second Amended Complaint by May 9, 2024 adding Esmeralda Abalos and Brittany Nicole Armendariz as named Plaintiffs in this litigation.

/s/ Fernando M. Bustos
Fernando M. Bustos

## **CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, through the ECF system, and service was made to all counsel of record using the ECF system on the date of filing.

                     */s/ Fernando M. Bustos*