UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO, MELANIE MELENDEZ, BRITTANY ARMENDARIZ, and ESMERALDA ABALOS,<br><br>    Plaintiffs,<br><br>v.<br><br>HANDS OF COMPASSION HOME CARE, LLC,<br><br>    Defendant. | Case No. 7:23-CV-00168<br><br>District Judge Counts<br><br>Magistrate Judge Griffin |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Hands of Compassion Home Care, LLC, by and through undersigned counsel, provides its answer to Plaintiffs' second amended complaint as follows. Any allegations of the second amended complaint not specifically admitted herein are expressly denied:

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, (the "FLSA") seeking damages for Defendant' failure to pay Plaintiffs' overtime pay for all hours worked over forty during each workweek.

**ANSWER:** Defendant admits that Plaintiffs have sued under the FLSA and that they seek damages in this action regarding alleged overtime pay. Defendant specifically denies that Plaintiffs are entitled to any such damages and denies any remaining allegations of paragraph 1.

2. Plaintiffs work(ed) for Defendant as Registered Nurses ("RNs") and/or Licensed Vocational Nurses ("LVNs"). Plaintiffs' primary duties included the provision of nursing care to Defendant's patients at the patients' place of residence. Defendant paid Plaintiffs a piece rate which varied based on the type of services performed. Despite Plaintiffs being paid on a piece rate basis, they consistently worked more than forty hours in a week and were not paid overtime compensation.

**ANSWER:** Defendant admits that Plaintiffs work or worked for Hands of Compassion as RNs or LVNs and that their job duties included providing nursing care to patients in the patients' homes. Defendant Hands of Compassion further admits that the RNs and LVNs it employs may choose to be paid on a per-visit basis or on an hourly basis, and that Plaintiffs chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 2.

3.   Defendant is the employer of Plaintiffs as defined under the FLSA and as an economic reality. Specifically, upon information and belief, Defendant had the ability to hire or fire Plaintiffs, supervise or control Plaintiffs' work schedules or conditions of employment to a substantial degree, determine Plaintiffs' rate and method of payment, and maintain Plaintiffs' employment records.

**ANSWER:** Defendant admits that during Plaintiffs' employment with Hands of Compassion, Hands of Compassion was Plaintiffs' employer. Defendant denies any remaining allegations of paragraph 3.

4.   Pursuant to 29 U.S.C. § 216(b), Plaintiffs file this lawsuit as employees who work(ed) for Defendant on a piece rate basis and were not paid overtime compensation for all hours worked over forty in each workweek for the time period of three years preceding the filing of this lawsuit and forward.

**ANSWER:** Defendant admits that Plaintiffs have filed this lawsuit, that they were employees of Hands of Compassion, and that they each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 4.

5.   Plaintiffs seek all damages available under the FLSA, including three years of back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

**ANSWER:** Defendant admits that Plaintiffs seek the relief described in paragraph 5, specifically denies that Plaintiffs are entitled to any such relief, and denies any remaining allegations of paragraph 5.

6. Plaintiff Marilyn Castillo is an individual citizen of the State of Texas and was employed by Defendant as an RN to work in Midland, Texas, and the surrounding cities, on or about March 2022 through August 2023.

**ANSWER:** Defendant admits that Plaintiff Castillo is a citizen of Texas, was an employee of Hands of Compassion, and worked for Hands of Compassion as a RN in Midland, Texas and the surrounding cities from approximately March 2022 to approximately August 2023. Defendant denies any remaining allegations of paragraph 6.

7. Plaintiff Melanie Melendez is an individual citizen of the State of Texas and is employed by Defendant as an RN to work in Midland, Texas, and the surrounding cities, and began working for Defendant on or about May 2021 through the present.

**ANSWER:** Defendant admits that Plaintiff Melendez is a citizen of Texas and an employee of Hands of Compassion, and has worked for Hands of Compassion as a RN in Midland, Texas and the surrounding cities since approximately May 2021. Defendant denies any remaining allegations of paragraph 7.

8. Plaintiff Brittany Armendariz is an individual citizen of the State of Texas and is employed by Defendant to work in Midland, Texas, and the surrounding cities, and began working for Defendant as an LVN on or about September 2020 through February 2024.

**ANSWER:** Defendant admits that Plaintiff Armendariz is a citizen of Texas and an employee of Hands of Compassion, and worked for Hands of Compassion as an LVN in Midland, Texas and the surrounding cities from approximately September 2020 through February 2024. Defendant denies any remaining allegations of paragraph 8.

9. Plaintiff Esmeralda Abalos is an individual citizen of the State of Texas and is employed by Defendant as an LVN to work in Midland, Texas, and the surrounding cities, and began working for Defendant on or about November 2023 through February 2024.

**ANSWER:** Defendant admits that Plaintiff Abalos is a citizen of Texas and an employee of Hands of Compassion, and worked for Hands of Compassion as an LVN in Midland, Texas and

the surrounding cities from approximately August 2023 through February 2024. Defendant denies any remaining allegations of paragraph 9.

10.     Defendant Hands of Compassion Home Care, LLC is a is a limited liability corporation organized under the laws of the State of Texas, with its principal place of business at 1030 Andrews Highway 203, Midland, Texas 79701. Its registered agent is Capitol Services, Inc., which can be served with process at 1501 S. Mopac Expy., Ste 220, Austin, Texas 78746. Defendant Hands of Compassion Home Care, LLC is the employer entity that appears on Plaintiffs' 2022 IRS Form W-2.

**ANSWER:**     Defendant Hands of Compassion admits the allegations of paragraph 10

11.     During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

**ANSWER:**     Defendant admits that it does business in the State of Texas. Defendant denies any remaining allegations of paragraph 11.

12.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

**ANSWER:**     Defendant admits that for purposes of this lawsuit, it is an enterprise engaged in commerce. Defendant denies any remaining allegations of paragraph 12.

13.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

**ANSWER:**     Defendant admits that it employed and continues to employ two or more employees. Defendant denies any remaining allegations of paragraph 13.

14.     Defendant is/was Plaintiffs' employer.

**ANSWER:**     Defendant admits that during Plaintiffs' employment with Hands of Compassion, Hands of Compassion was Plaintiffs' employer. Defendant denies any remaining allegations of paragraph 14.

15.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold, or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

**ANSWER:**   Defendant admits that it employed and continues to employ two or more employees engaged in commerce. Defendant denies any remaining allegations of paragraph 15.

16.     At all times relevant to this lawsuit, Defendant had annual gross sales or business volume in excess of $500,000.

**ANSWER:**   Defendant admits that its annual gross sales or business volume exceeds $500,000. Defendant denies any remaining allegations of paragraph 16.

17.     At all times relevant to this lawsuit, Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a).

**ANSWER:**   Defendant denies the allegations of paragraph 17.

18.     The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:**   Defendant admits that the Court has subject-matter jurisdiction over the claims against it in this lawsuit. Defendant denies any remaining allegations of paragraph 18.

19.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Division.

**ANSWER:**   Defendant admits that venue is proper as to the claims against it in this lawsuit. Defendant denies any remaining allegations of paragraph 19.

20.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

**ANSWER:**   Defendant Hands of Compassion restates its answers to the allegations set forth in each of the above paragraphs.

21. Defendant provides home health services to its patients living in West Texas. Defendant employed Plaintiffs during the three-year period preceding the filing of this Complaint. Specifically, Marilyn Castillo was employed from 2022 to 2023 as an RN, Melanie Melendez was employed from 2021 to the present as an RN, Brittany Armendariz was employed from 2020 to 2024 as an LVN, and Esmeralda Abalos was employed from 2023 to 2024 as an LVN.

**ANSWER:** Defendant admits that it provides home health services to patients living in West Texas and that it employed Plaintiffs during the three-year period preceding the filing of Plaintiffs' second amended complaint, in the positions and during the time periods alleged in paragraph 21. Defendant denies any remaining allegations of paragraph 21.

22. Plaintiffs' primary duties were to provide nursing care to Defendant's patients in their homes.

**ANSWER:** Defendant admits that while they were employed by Hands of Compassion as RNs and LVNs, Plaintiffs' primary job duties were to provide nursing care to patients of Hands of Compassion. Defendant denies any remaining allegations of paragraph 22.

23. Defendant maintained control, oversight, and direction over its operations, including employment practices.

**ANSWER:** Defendant admits that it maintains control, oversight, and direction over its own operations, which include employment practices. Defendant denies any remaining allegations of paragraph 23.

24. Defendant maintained and exercised the power to hire, fire, and discipline Plaintiffs.

**ANSWER:** Defendant admits that it maintains and exercises the power to hire, fire, and discipline its own employees, including Plaintiffs while they were employed by Hands of Compassion. Defendant denies any remaining allegations of paragraph 24.

25. Plaintiffs were required to comply with Defendant's policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendant.

6

**ANSWER:** Defendant admits that it required Plaintiffs to comply with its policies and procedures in performing their work for Hands of Compassion while they were employees of Hands of Compassion. Defendant denies any remaining allegations of paragraph 25.

26. Defendant paid Plaintiffs varying amounts based upon what type of visit and nursing services they provided to a patient at the patient's residence. Certain visits and nursing services resulted in higher pay than others. Importantly, Defendant did not keep track of the time it took Plaintiffs to complete their visits to patients, but rather, assigned arbitrary and inaccurate amounts of time to each type of nursing activity. Thus, the number of hours reported on Plaintiffs' pay stubs are not an accurate representation of the number of hours Plaintiffs worked.

**ANSWER:** Defendant admits that the RNs and LVNs it employs may choose to be paid on a per-visit basis or on an hourly basis, and that Plaintiffs each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 26

27. Although Defendant paid Plaintiffs a piece rate for each visit that Plaintiffs performed, Plaintiffs nevertheless worked more than forty hours per week.

**ANSWER:** Defendant admits that the RNs and LVNs it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 27.

28. Each day, in addition to performing their visits to patients at the patients' residences (for which they were paid a piece rate for each visit), Plaintiffs were required to travel from patient to patient, and also required to work many hours at home completing the charting for the day's visits. Plaintiffs were not able to report to Defendant their travel time or the time they worked doing charting. If the Plaintiffs were ever able to report travel and time spent charting, the time was not recorded for purposes of time keeping and overtime calculation. Plaintiffs were not paid a piece rate or hourly rate for their traveling and charting time.

**ANSWER:** Defendant admits Plaintiffs' job duties included providing nursing care to patients in the patients' homes and that this required traveling from one patient's home to another. Defendant further admits that the RNs and LVNs it employs may choose to be paid on a per-visit

basis or on a salary basis, and that Plaintiffs each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 28.

29. The combination of time spent visiting patients, traveling between patients' residences, and completing charting activities for all of their visits resulted in Plaintiffs working more than forty hours per week. Because Plaintiffs worked more than forty hours per week, they are entitled to overtime pay.

**ANSWER:** Defendant denies the allegations of paragraph 29.

30. Defendant did not record how many hours Plaintiffs worked and did not pay Plaintiffs' overtime for working more than forty hours per week.

**ANSWER:** Defendant denies the allegations of paragraph 30.

31. Because Plaintiffs are not paid a salary, they are non-exempt employees and entitled to overtime pay.

**ANSWER:** Defendant admits that the RNs and LVNs it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 31.

32. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

**ANSWER:** Defendant Hands of Compassion restates its answers to the allegations set forth in each of the above paragraphs.

33. At all relevant times, Defendant was Plaintiffs' employer under the FLSA and were engaged in commerce under the FLSA.

**ANSWER:** Defendant admits that during Plaintiffs' employment with Hands of Compassion, Hands of Compassion was Plaintiffs' employer, and that Hands of Compassion was engaged in commerce. Defendant denies any remaining allegations of paragraph 33.

34. Plaintiffs were not exempt from overtime under the FLSA and were paid on a piece rate basis.

**ANSWER:** Defendant admits that the RNs and LVNs it employs may choose to be paid on a per-visit basis or on a salary basis, and that Plaintiffs each chose to be paid on a per-visit basis. Defendant denies any remaining allegations of paragraph 34.

35. Plaintiffs worked more than forty hours per workweek for Defendant but were not paid overtime for all hours worked over forty in each workweek.

**ANSWER:** Defendant denies the allegations of paragraph 35.

36. Defendant violated the recordkeeping requirements of the FLSA. See 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5 by failing to maintain records which accurately show the total hours worked by Plaintiff on a daily and weekly basis.

**ANSWER:** Defendant denies the allegations of paragraph 36.

37. Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs were performing unpaid and off the clock work, working more than forty hours per week, and were not paying overtime pay for all hours worked over forty during each workweek. Accordingly, Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendant' willful conduct. 29 U.S.C. § 255(a).

**ANSWER:** Defendant admits that Plaintiffs seek the types of damages described in paragraph 37, specifically denies that they are entitled to any such damages, and denies any remaining allegations of paragraph 37.

38. Plaintiffs seek all damages available at law for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

**ANSWER:** Defendant admits that Plaintiffs seek the types of damages described in paragraph 38, specifically denies that they are entitled to any such damages, and denies any remaining allegations of paragraph 38.

39. Plaintiffs demand a jury trial on all issues.

**ANSWER:** Defendant admits that Plaintiffs request a jury trial.

40. For these reasons, Plaintiffs ask that the Court issue summonses for Defendant to appear and answer, and that Plaintiffs be awarded judgment against Defendant for the following:

    a. All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, attorneys' fees, costs, and expenses, and pre- and post-judgment interest; and

    b. All other relief as the Court deems just and proper.

**ANSWER:** Defendant admits that Plaintiffs seek the relief described in paragraph 40 and its sub-paragraphs, specifically denies that Plaintiffs are entitled to any such relief, and denies any remaining allegations of paragraph 40.

## AFFIRMATIVE DEFENSES

Defendant Hands of Compassion pleads the following affirmative defenses:

1. Defendant denies all allegations in the second amended complaint not expressly admitted in this answer.

2. Some of Plaintiffs' claims concern events that allegedly occurred more than two years before Plaintiffs filed their complaint. Plaintiffs' claims arising from such events are barred, in whole or part, by the applicable FLSA's statute of limitations.

3. If and to the extent it is determined that Defendant violated the FLSA, such violations were not willful and thus, a two-year limitation period would apply to Plaintiffs' claims.

4. To the extent it is determined that Defendant failed to pay Plaintiffs for overtime hours worked, such pay is not compensable under the FLSA because it is for de minimis time.

5. Plaintiffs may not recover both prejudgment interest and liquidated damages under the FLSA.

Wherefore, Defendant Hands of Compassion requests judgment as follows:

a.     That Plaintiffs take nothing by the second amended complaint;

b.     That the second amended complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant and against Plaintiffs on all causes of action alleged in the Complaint;

c.     That Defendant be awarded its reasonable costs incurred in this action; and

d.     For such other and further relief as the Court deems just and proper.


Date: May 23, 2024

        HANDS OF COMPASSION HOME CARE, LLC

/s/ *Andrew S. Murphy*_____
Andrew S. Murphy (#24080244)
Benjamin S. Morrell (TN BPR No. 035480)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011
amurphy@taftlaw.com
bmorrell@taftlaw.com

Layne Rouse (#24066007)
SHAFER, DAVIS, O'LEARY & STOKER
700 N. Grant, Ste. 201 (79761)
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
Fax: (432) 333-5002
lrouse@shaferfirm.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that the date listed below, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: May 23, 2024

                                          */s/* Andrew S. Murphy
                                          Andrew S. Murphy
                                          *Counsel for Defendant*