UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MARILYN CASTILLO, MELANIE MELENDEZ, BRITTANY ARMENDARIZ, and ESMERALDA ABALOS,<br><br>        Plaintiffs,<br><br>v.<br><br>HANDS OF COMPASSION HOME CARE, LLC,<br><br>        Defendant. | Case No. 7:23-CV-00168<br><br>District Judge Counts<br><br>Magistrate Judge Griffin |

**JOINT MOTION FOR CONFIDENTIAL APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

The Parties have reached a settlement in this case and jointly request that the Court review *in camera* and approve the settlement agreement they have executed, resolving Plaintiffs' claims brought under the Fair Labor Standards Act for allegedly unpaid overtime. In support of this motion, the Parties state as follows.

**I.      Background**

Hands of Compassion is a home healthcare provider based in Midland. It provides in-home care to medical patients in several counties in West Texas. Plaintiffs are four nurses who have worked for Hands of Compassion, including one who still does.

Plaintiffs' job duties included providing nursing care to patients in the patients' homes, traveling between patients' homes, and charting—which involves documenting patient information, including general patient details, medical history, and the reason

for the visit—using a mobile device and a mobile app. During the time period relevant to this case, Plaintiffs were each paid on a per-visit basis. That is, they received specific amounts of compensation for each nursing visit they made. Plaintiffs also received additional pay per mile of work-related travel. Plaintiffs' job duties included completing Daily Activity Reports that specified the time they spent on (among other things) patient visits, travel time, and on-call coverage.

Plaintiffs bring wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, alleging that they worked in excess of 40 hours per week but were not paid overtime wages. Plaintiffs primarily contend that they were "required to work many hours at home completing the charting for the day's visits," but it is undisputed that Plaintiffs did not document the number of hours they allegedly spent on this after-hours charting. Plaintiffs further contend that this alleged after-hours work resulted in them working numerous hours of overtime for which they were not paid. Thus, the core of the dispute between the Parties is whether and to what extent Plaintiffs spent unrecorded time charting after hours.

This case is in the latter stages of discovery. Hands of Compassion has produced over 3,000 pages of wage-and-hour records and other documents to Plaintiffs, all four Plaintiffs have been deposed, and the Parties participated in a private mediation with Steven C. Kiser of Lynch, Chappel & Alsup. Though settlement did not occur at the

mediation, the Parties continued their negotiations afterward, and now have reached a full and final settlement. Thus, the settlement is the product of a bona fide dispute.

## II.     Procedure

This Court has previously noted that "best practices in FLSA cases where the parties agree to settle mid-litigation are to jointly propose a settlement for the court to review for fairness and reasonableness." *Pruitt v. Fab Tech Downhole, LLC*, No. MO:22-CV-00151-DC, 2024 WL 4803778, at *1 (W.D. Tex. Apr. 5, 2024). That is the case here. The Parties have reached a settlement and request that the Court review and approve the settlement agreement they have executed.

Because the terms of the settlement agreement include confidentiality provisions, the Parties request that the Court conduct its review of the settlement agreement *in camera*. "[D]istrict courts in the Fifth Circuit typically permit in camera review" of FLSA settlement agreements. *Apollo Strong v. Marathon Res. Mgmt. Grp., LLC*, No. 1:18-CV-634-RP, 2020 WL 12597672, at *2 n.1 (W.D. Tex. Feb. 26, 2020) (collecting cases).

## III.    The Settlement Agreement is fair and reasonable.

In determining whether a settlement is fair and reasonable, the Court must consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions

of counsel. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). "When considering these factors, the court should keep in mind the strong presumption in favor of finding a settlement fair." *Camp v. Progressive Corp.*, No. CIV.A. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (cleaned up).

First, there is no indication of fraud or collusion. In addition to the strong presumption in favor of finding a settlement fair, absent evidence to the contrary, there is also a presumption that no fraud or collusion occurred between counsel. *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *12 (W.D. Tex. Aug. 20, 2018). The Parties negotiated at arms length, with the help of an experienced mediator and had to continue their negotiations after the mediation before reaching an agreement.

Second, any further litigation will likely be complex, expensive, and lengthy. This case has been pending for over a year. Additionally, in this action brought by four Plaintiffs, there would be numerous issues of fact, such as the specific amounts of hours allegedly worked over 40 each week by each Plaintiff, that would contribute to the complexity, expense, and duration of the litigation. The unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

Third, significant discovery has been completed. Extensive discovery by the parties indicates a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information. *Catherine v. SureTemps, LLC*, No. CV 17-7561, 2019 WL 4038604, at *4 (E.D.

La. Aug. 27, 2019). The Parties here have engaged in extensive written discovery and four depositions. Thus, the parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement.

Fourth, unresolved disputes exist between the Parties. Defendants steadfastly deny any wrongdoing and would vigorously contest both liability and damages if this case were to proceed to trial. It is therefore unclear whether and to what extent Plaintiffs' claims would be successful on the merits. In other words, as discussed above, a bona fide dispute exists, which favors settlement.

Fifth, the settlement amount is within the range of possible recovery. "[W]hen considering the possible range of recovery, a court should keep in mind that compromise is the essence of settlement." *Matson v. NIBCO Inc.*, No. 5-19-CV-00717-RBF, 2021 WL 4895915, at *12 (W.D. Tex. Oct. 20, 2021) (cleaned up), *aff'd sub nom. Garcia v. Matson*, No. 21-51151, 2022 WL 6935303 (5th Cir. Oct. 12, 2022). Under the Settlement Agreement, Hands of Compassion will pay each Plaintiff according to the harm they allegedly suffered as a result of alleged unpaid overtime wages. The amounts are based on a calculation that considers the work history of each Plaintiff.

Sixth, Plaintiffs' counsel agree that the settlement here is a good result for their clients. In sum, all of the relevant factors indicate the settlement is fair and reasonable.

## IV. Conclusion

For the reasons discussed above, the Parties respectfully request that the Court approve the Settlement Agreement as a fair and reasonable compromise, and dismiss this lawsuit with prejudice after reviewing the Settlement Agreement *in camera*.

Date: February 12, 2025

Respectfully submitted,

MARILYN CASTILLO,
MELANIE MELENDEZ,
BRITTANY ARMENDARIZ, and
ESMERALDA ABALOS

/s/ *Brandon C. Callahan*
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976 (806)
780-3800 FAX

*Counsel for Plaintiffs*

HANDS OF COMPASSION HOME CARE, LLC

/s/ *Andrew S. Murphy*
Andrew S. Murphy (#24080244)
amurphy@taftlaw.com
Benjamin S. Morrell (TN Bar No. 035480)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011

Layne Rouse (#24066007)
lrouse@shaferfirm.com
SHAFER, DAVIS, O'LEARY & STOKER
700 N. Grant, Ste. 201 (79761)
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I electronically filed the foregoing document with the Clerk of the Court using the electronic court filing system, which will provide notification of such filing to all counsel of record.

Date: February 12, 2025

/s/ *Andrew S. Murphy*